195 So.2d 451 (1967)
Dorothy FRANK, Individually and for the Use and Benefit of her Minor Son, Reginald L. Frank
v.
ORLEANS PARISH SCHOOL BOARD et al.
No. 2474.
Court of Appeal of Louisiana, Fourth Circuit.
February 13, 1967.
Rehearing Denied March 6, 1967.
Writ Refused May 1, 1967.
*452 Benjamin Washastrom, A. J. Marciante, New Orleans, for plaintiff-appellee.
Revius O. Ortique, Jr., New Orleans, for Edward C. Henderson, defendant-appellant.
Samuel I. Rosenberg, Robert J. Martin, Jr., New Orleans, for Orleans Parish School Bd., defendant-appellant.
Before REGAN, SAMUEL and BARNETTE, JJ.
REGAN, Judge.
The plaintiff, Dorothy Frank, individually and as tutrix of her minor child, Reginald L. Frank, filed this suit against the defendants, the Orleans Parish School Board and Edward C. Henderson, an employee thereof, endeavoring to recover the sum of $11,080.05, representing damages for a fractured arm and medical expenses incurred in connection therewith, which injuries she asserts were sustained by her son as a result of being assaulted by Henderson.
The defendants answered, denied the foregoing accusations, and affirmatively asserted that Reginald had attempted to commit an unprovoked assault upon Henderson. They also asserted that Henderson endeavored to restrain Reginald in order to protect himself and while so engaged, Reginald pulled away and fell to the floor. In the alternative, the defendant School Board pleaded the contributory negligence of the plaintiff's son and also averred that, if the court should find that Reginald was injured by the negligent actions of Henderson, he acted beyond the scope of his employment, and therefore the defendant School Board is not liable therefor.
From a judgment rendered in favor of the plaintiff and against the defendants solidarily in the amount of $2,500.00, both defendants have prosecuted this appeal.
The record reveals that on December 6, 1963, the plaintiff's son was participating in a physical education class at the James Derham Junior High School, in the City of New Orleans. The class was under the supervision of the defendant, Henderson, a graduate of Southern University with a Bachelor's Degree in Physical Education. He was demonstrating to the class the technique of shooting basketball "lay-up" shots, and had the students standing in two lines, so that each of them could perform a lay-up shot as their turn arrived.
The plaintiff's son did not participate in the class activity in conformity with the instructions of Henderson, and the latter ordered him to the side lines. Reginald subsequently entered the basketball court when one of the balls rolled toward him, and Henderson again ordered him off. Finally, Reginald decided to rejoin his classmates in the shooting line, and Henderson again was required to discipline the boy.
At this point, the testimony inscribed in the record discloses two irreconcilable versions of the manner in which Reginald's injuries occurred.
Henderson testified that when he saw Reginald on the basketball court for the third time, he requested him to leave and then escorted him therefrom. Henderson related that when he and the boy reached *453 the side line of the court, Reginald endeavored to strike him, and he grasped his arms in order to restrain him. He then explained that the boy struggled to free himself from his grasp, and in so doing, fell to the floor and injured his arm.
On the other hand, Reginald, in his testimony, readily conceded that he was behaving contrary to the orders of Henderson in entering the basketball court. However, he insists that when he made his third entrance therein, Henderson menaced him and chased him around the edge of the court, catching him in the same general area from which their footrace started. Reginald then related that Henderson grabbed him, lifted him from the ground, shook him against the folded bleachers which were located nearby, and finally released him suddenly so that he fell to the floor and as a result thereof fractured his arm.
Respective counsel for the defendants argued in this court, and we were at that time inclined to agree, that grave and important principles relative to the right and authority of schoolteachers to discipline their pupils are at stake herein. They insist that a judgment in favor of the plaintiff is tantamount to judicially decreeing that a schoolteacher possesses no right, under any circumstances whatsoever, to place his hands upon the person of a pupil, for the purpose of discipline, restraint, or even first aid in the event of an emergency.
A careful analysis of the whole tenor of the record convinces us that no grave principles of law or of public policy are in fact involved herein. The evidence adduced, without over simplification thereof, merely reveals that Henderson did grasp the arms of Reginald; that as the result of the ramifications of this encounter, he ultimately sustained a broken arm. On the other hand, the evidence is quite evasive in so far as it relates to an effort by Reginald to assault his physical education instructor. Henderson, of course, insists and Reginald denies that he made an effort to strike the former. Henderson is about 34 years of age, stands 5 feet 8 inches tall, and weights approximately 230 pounds. On the other hand, Reginald at the time of this incident was approximately 14 years of age, stood 4 feet 9 inches tall and weighed 101 pounds. It taxes our credulity to believe that Henderson in good faith actually believed that his physical safety was endangered by a blow from Reginald. However, even assuming arguendo that Reginald did make an effort to strike Henderson and that he is fact did grasp the arms of Reginald in order to restrain his belligerence, such simple restraint by Henderson would have accomplished his objective, and no further physical effort of any kind was then required. In any event, the evidence preponderates and the trial court obviously concluded therefrom that Henderson's physical effort went further than mere restraint and that he actually lifted the boy from the ground, shook him in anger and then dropped him to the floor. Henderson's actions in lifting, shaking and dropping the boy were clearly in excess of that physical force necessary to either discipline or to protect himself, and subjects the defendants to liability for the injuries incurred as a result thereof.
In conclusion, we reiterate for the purpose of emphasis that the rationale or the ratio decidendi hereof is limited to a finding of fact by the trial court and a confirmation thereof by us, that Henderson went beyond that degree of physical effort necessary to either protect himself or to discipline the boy, and that this lack of judgment on the part of Henderson in injuring Reginald in the course of ostensibly disciplining him subjects the defendants to liability therefor. We expressly refrain from making any judicial pronouncement as to whether it is actionable per se for a teacher in a public school to place his or her hands upon a student. Common sense would dictate, however, that the individual facts and environmental characteristics emanating from each case would disclose both the right and the reason for a *454 teacher to do so, and the degree of force, if any, which may be used under particular or peculiar circumstances. A general rule in the negative relative to this problem may encourage students to flaunt the authority of their teachers. On the other hand, a general rule permitting physical contact between teacher and student in any instance without qualification would obviously encourage the one who occupies a position of superiority to take advantage of those who are in a less favorable position since they are subject to their authority.
With respect to the School Board's alternative pleas of contributory negligence and that Henderson acted beyond the scope of his employment, we find no merit whatever to these contentions.
For the foregoing reasons, the judgment of the lower court is affirmed.
The defendants are to pay all costs incurred herein.
Affirmed.