372 So.2d 642 (1979)
William THOMPSON (Lee Ethel Wilson), Plaintiff-Appellee,
v.
IBERVILLE PARISH SCHOOL BOARD and Griffon J. Bourgeois, Defendants-Appellants.
No. 12641.
Court of Appeal of Louisiana, First Circuit.
May 29, 1979.
*643 Steve H. Benton, Martin A. Schott, Baton Rouge, for plaintiff-appellee William Thompson (Lee Ethel Wilson).
Samuel C. Cashio, Dist. Atty., Maringouin, for defendant-appellant Iberville Parish School Board.
Robert L. Kleinpeter of Kleinpeter & Kleinpeter, Baton Rouge, for defendant-appellant Griffon J. Bourgeois.
Before CHIASSON, EDWARDS and SARTAIN,[*] JJ.
SARTAIN, Judge.
Griffon J. Bourgeois appeals the judgment against him awarding Lee Ethel Wilson in her capacity as tutrix of her minor child, Bryan K. Wilson, $500.00 for the pain and embarrassment Bryan suffered as a result of an alleged battery committed by Bourgeois.
The incident which is the subject matter of this suit occurred on Friday afternoon, September 30, 1977, at St. Gabriel Elementary School in Iberville Parish. Appellant-defendant Bourgeois was teaching a class in instrumental music and Bryan Wilson, a twelve-year-old sixth grade student, was one of approximately ten students in Bourgeois' class. Bryan was sitting in a front-row chair while Bourgeois was lecturing and writing on the blackboard a few feet away. When Bourgeois turned from the board to face the class, he saw that Bryan had turned around in his chair so that he was facing the students behind him, with whom he was talking and laughing. Bourgeois then extended his leg and pushed Bryan with his foot in the right buttock and said, "You are lucky I didn't raise you off that chair. I want you to turn around and pay attention to the class." The other children laughed and Bryan began to cry.
At trial, Bourgeois explained that he used his foot because it was "the quickest and most expedient way to get [Bryan's] attention." According to Bourgeois, he already had reprimanded Bryan three times during the class. Some four seconds prior to the incident sued on, he had told Bryan to turn around and face the board. When he saw that Bryan was again misbehaving, he reached out with his foot and touched Bryan, a movement which did not require him to move from his position at the board. He explained that he did not use his hands because he was holding chalk in one hand and an eraser in the other. He maintained that he used so little force that his action could not properly be characterized as a kick and that his intent was not to discipline Bryan, but to get his attention. Bourgeois stated he had never used physical punishment to discipline his students.
Bryan testified that he was kicked "hard," that he cried because of the pain, and that the pain was so severe it kept him from returning to school for several days. Two of Bryan's classmates testified that they saw Bourgeois kick Bryan. Neither testified as to the apparent force of the kick; but one did state that it did not cause Bryan to fall from the chair, it just made him turn back around. Both acknowledged that Bryan often required correction and one remembered that Bryan had been corrected earlier in the class period.
*644 The assistant principal, Ronald E. Egros, testified that he examined Bryan shortly after the incident and found no visible sign of injury. Bryan's mother, Mrs. Wilson, took him that same afternoon to see Dr. A. B. Cronan, who also failed to discern any objective symptoms. Dr. Cronan testified that Bryan complained of pain in the entire buttocks area but his examination revealed no skin changes and the x-ray showed no abnormalities. Mrs. Wilson did not testify to finding any marks indicating that Bryan had received a hard blow. She did state that Bryan missed some school the following week because he told her he was still in pain. Both Dr. Cronan and Mrs. Wilson described Bryan as a normal, healthy child.
The testimony of the principal, Gerald Trent, and an additional teacher at the school, Melvin J. Craige, was in accord with Bourgeois' statement that Bryan frequently required correction.
According to the school principal, the usual procedure for administering corporal punishment was to send the delinquent child to the principal or assistant principal to receive a paddling with a wooden paddle, or the teacher himself could paddle the pupil if a witness was present. The text of the local school board's rule on the subject was not put into evidence.
Roy v. Continental Insurance Co., 313 So.2d 349 (La.App. 3d Cir. 1975), was the first Louisiana appellate court decision to address directly the question of whether a teacher could use reasonable corporal punishment to enforce discipline.[1] It was decided therein that corporal punishment, reasonable in degree, was permitted in Louisiana and that a teacher using this method of discipline had limited immunity from civil liability.[2]
Subsequent to that decision, La.R.S. 17:416.1(A) was enacted. It states in pertinent part that "teachers, principals, and administrators of the public schools may, subject to any rules as may be adopted by the parish or city school board, employ other reasonable disciplinary and corrective measures to maintain order in the school...." Quite clearly the legislature chose to leave available to teachers and school officials the option of using corporal punishment. Comments, Corporal Punishment of StudentsThe State's Authority and Constitutional Considerations, 36 La.L. Rev. 984 (1976).
In the instant case, we are unable to say that the parish school board restricted teachers and principals to administering corporal punishment with a paddle. Although the school principal and the other teacher who testified spoke generally of the rules concerning corporal punishment, the local school board's policy was not set forth in sufficient detail for us to determine if it prohibited the incident with which we are presently concerned.
Therefore, the issue in this case is whether under the particular facts and circumstances the physical punishment imposed was excessive or reasonable. Roy v. Continental Insurance Co., supra. Factors to be considered in making the determination of reasonableness include the age and physical condition of the pupil, the seriousness of the misconduct eliciting the punishment, the nature and severity of the punishment, the teacher's motive in the discipline, the attitude and past behavior of the child and the availability of less severe but equally effective means of discipline. Roy v. Continental Insurance Co., supra; 68 Am. Jur.2d § 258, Schools; 79 C.J.S. Schools and School Districts § 502.
*645 In his oral reasons for judgment, the trial court stated that he found for the plaintiff, even though a paddling would have been proper under the circumstances, because he believed the use of the foot was unreasonable regardless of the amount of force involved. We disagree and accordingly reverse.
Bryan Wilson was an active, healthy twelve-year-old, who had repeatedly misbehaved and failed to obey verbal admonitions. Resort to corporal punishment was proper under the circumstances, as the trial court recognized.
There was no enunciated factual finding in the trial court on the degree of force employed by Bourgeois. We must determine from the record the amount of force involved. The lack of objective symptoms of injury convinces us that the contact with Bryan was not excessively severe.
The only remaining question is whether the manner of administering the punishment was unreasonable. We do not believe that a teacher's use of his foot to make contact with a student automatically places him outside the scope of his limited immunity. Significantly, we can conceive of very few situations in which a kick, no matter how gentle, would meet the test of reasonableness. However, the situation present in the instant case is one such incident. The blow was directed to the buttocks; it was of little force, bringing more embarrassment than pain; it was a quick and effective means of getting the attention of a child who had twice turned his back to the instructor and had ignored verbal reprimands. We emphasize that we are not hereby condoning the substitution of a foot for a paddle in all cases in which use of the latter would be appropriate. We simply hold that Bourgeois acted reasonably under the particular circumstances of this case.
The Iberville Parish School Board, also named as a defendant in this action, was cast in judgment with Bourgeois. However, the school board did not appeal and therefore the judgment against it is final and cannot be disturbed on appeal. Bertucci v. Bertucci, 224 La. 346, 69 So.2d 502 (1953); Williams v. Buckelew, 246 So.2d 58 (La.App. 2d Cir. 1970).
For the above reasons, the judgment of the district court insofar as the same pertained to Griffon J. Bourgeois is reversed and set aside and judgment is rendered herein in favor of Griffon J. Bourgeois and against Lee Ethel Wilson in her capacity as tutrix of her minor child, Bryan K. Wilson, rejecting her claim. The costs of this appeal are to be borne by plaintiff-appellee.
REVERSED IN PART AND RENDERED.
NOTES
[*] Serving by appointment of the La.Sup.Ct.
[1] Earlier decisions involving corporal punishment were able to avoid the issue since in those cases the punishment inflicted was found to be unreasonable and excessive and thus outside of any privilege that might exist. Houeye v. St. Helena Parish School Bd., 223 La. 966, 67 So.2d 553 (1953); Johnson v. Horace Mann Mutual Ins. Co., 241 So.2d 588 (La.App.2d Cir. 1970); Frank v. Orleans Parish School Bd., 195 So.2d 451 (La.App. 4th Cir. 1967), writ denied 250 La. 635, 197 So.2d 653.
[2] The U.S. Supreme Court case of Ingraham v. Wright, 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977), held that disciplinary corporal punishment by school officials without a due process hearing was not violative of students' constitutional rights.