378 So.2d 162 (1979)
Huey WHITE, Sr., Plaintiff-Appellant,
v.
Ford RICHARDSON et al., Defendants-Appellees.
No. 12899.
Court of Appeal of Louisiana, First Circuit.
November 12, 1979.
Dennis R. Whalen, Baton Rouge, for plaintiff-appellant.
J. Donald Cascio, Denham Springs, Donald T. W. Phelps, Baton Rouge, for defendants-appellees.
Before EDWARDS, LEAR and SARTAIN, JJ.
SARTAIN, Judge.
This is an appeal involving alleged injuries to a student who received corporal punishment at school from a teacher.
On April 29, 1975, Darryl L. White was a sixth grade student at Walker Junior High School which is located in Livingston Parish. While in class on that day, White and another student began misbehaving, which they continued to do despite being corrected by their teacher, Ford Richardson.
When their conduct continued, Richardson had them come to the front of the classroom, demonstrated for them how he wanted a paddling administered, and then had them hit each other ten times with a wooden paddle on their backsides.
The father of young White then brought this suit alleging that the whipping inflicted serious injuries to his son's hip area and left knee. Trial on the merits was had and the suit was subsequently dismissed upon a finding by the district court that injuries relating to the spanking were not proved. We affirm.
Prior to the enactment of LSA-R.S. 17:416.1 (Act 559 of 1975), there was no statutory law in this state which specifically provided for the physical punishment of students by school officials.[1] However, this problem was thoroughly considered in Roy v. Continental Insurance Company, 313 So.2d 349 (La.App. 3d Cir. 1975), a case also involving the paddling of a student by a teacher. In reviewing the relevant Louisiana statutes and case law, treatises, and decisions from other jurisdictions, that court noted that, although no prior case in this state had specifically held that corporal *163 punishment in justified situations was permissible, only three cases had considered the subject and, in each, the conduct on the part of the teacher had been found to be excessive and unreasonable. It further found that, notwithstanding those decisions, the statutes and jurisprudence in effect at that time recognized reasonable physical punishment for disciplinary purposes. We agree with that analysis and note particularly the following observation:
"The use of corporal punishment as discipline by teachers apparently stems from the age old principle that a schoolmaster is regarded as standing in `loco parentis,' or in the shoes of a parent while the child is attending school, and as a result shares in the right to demand and obtain obedience from the student. Thus parental authority has been deemed to be delegated to the teacher. Insofar as the type or form of discipline is concerned, it must be conceded that parents have the right to inflict corporal punishment upon their children, subject of course to the limitation of jeopardizing the health or safety of the child. This court is of the opinion that teachers likewise have this limited right. Without doubt, some children of school age are immature, undisciplined, rebellious, and have a self-serving inability to recognize the necessity for regulation. As a result disruptive conduct often occurs. A teacher has the duty of maintaining discipline and good order in our schools in addition to being responsible for the progress, conduct, and education of our children. In order for these educators to discharge this duty and maintain orderly conduct of activities in the classroom and on the school grounds, we opine they must be given the means of enforcing prompt discipline, one such means being reasonable corporal punishment. A general rule to the negative, insofar as corporal punishment is concerned would in our minds `encourage students to flaunt the authority of their teachers,' and effectively shackle the teaching profession at a time of rising disciplinary problems in our schools."
The actions of Richardson here were reasonable under the circumstances. The boys involved were misbehaving and refused to cease their disruptive play. The punishment was supervised by the teacher in full view of the class and they administered the whipping to each other.
The record contains no testimony by any of the on-lookers or participants that the punishment was excessive. The medical evidence also does not sustain such a conclusion. Young White was examined by Dr. Wyman Walker, a general practitioner, and by Drs. William E. Smith and Stephen M. Wilson, orthopedic surgeons. Only Dr. Walker found objective symptoms of any type and those were only mild bruises in the area where the whipping was administered. As noted in the Roy case, supra, some bruising from such a paddling is not out of the ordinary and minor bruises, such as those found by Dr. Walker, are to be expected. Their presence does not mean, in itself, that the punishment was too severe.
We note additionally that no evidence was presented by the parents of the boy as to their observations concerning a description or the extent of his injuries and, by his own testimony, no home treatment was used except the taking of baths from the time of the paddling until he saw Dr. Walker.
We find, therefore, that the record contains no proof that White sustained compensable injuries and that the punishment used by the defendant, Richardson, for disciplinary purposes was unreasonable or excessive under the circumstances of this case.
Accordingly, the judgment of the district court is affirmed, all costs of this appeal to be borne by appellant.
AFFIRMED.
NOTES
[1] In the recent case of Thompson v. Iberville Parish School Bd., 372 So.2d 642 (La.App. 1 Cir. 1979), writ denied Sept. 4, 1979, 374 So.2d 650 (La. 1979), this court considered the effect of the 1975 amendment and held that the rule now "is whether under the particular facts and circumstances the physical punishment imposed was excessive or reasonable."