381 So.2d 908 (1980)
Evelyn B. LeBLANC, Tutrix, Plaintiff-Appellee,
v.
Patty Jean TYLER et al., Defendants-Appellants.
No. 7469.
Court of Appeal of Louisiana, Third Circuit.
March 5, 1980.
Young & Burson, I. J. Burson, Jr., Eunice, for defendants-appellants.
Peter C. Piccione, Sr., Lafayette, for plaintiff-appellee.
Before DOMENGEAUX, FORET and SWIFT, JJ.
SWIFT, Judge.
Defendants, Patty Jean Tyler and the St. Landry Parish School Board, bring this appeal of the trial court's decision holding *909 them liable for damages based on excessive corporal punishment inflicted upon the plaintiff, Jeffery Savoy.[1]
On February 28, 1973, defendant, Patty Jean Tyler, was teaching a special education class at Port Barre Elementary School. The plaintiff, who at that time was 14 years old, became disruptive in the classroom. In order to maintain discipline Ms. Tyler gave the plaintiff a spanking in front of the students in the class which she described as being two or three licks on the rear with a board about 12 inches long and four inches wide.
Jeffery Savoy, described the paddling as 20 or 25 licks with a board 14 or 15 inches long, five inches wide and one and one-half to two inches thick.
Several of the students who were witnesses to the paddling testified at the trial. Carla Meche said the plaintiff received two or three blows on his buttocks from Ms. Tyler and she also hit his hands when he put them behind his back. Two students, Henry Taylor and Brenda Mallet, stated the teacher struck Savoy three or four times on the rear and some on his hands. A fourth student, Ricky Arnaud, testified it could have been four or five or 10 to 12 times that Ms. Tyler struck the plaintiff with a ruler.
On the day following the spanking, Jeffery Savoy was examined by Dr. A. E. Williams, the coroner and a general practitioner in Opelousas, Louisiana. Dr. Williams, testifying for the plaintiff, stated that he had "some reddish purple discoloration of the buttocks about five (5") inches in diameter." The color photographs taken at this examination seem to indicate that these bruises were more than mild. However, the doctor was unable to say whether they were deep or superficial, but he added that as a rule in this type of situation the injury is confined to the superficial areas of the skin. He did not treat the child, as he felt it unnecessary. He never saw the boy again.
Louisiana law does not prohibit the infliction of corporal punishment. In Roy v. Continental Insurance Company, 313 So.2d 349 (La.App. 3 Cir. 1975), we held that reasonable corporal punishment was allowed in this state and that a teacher using this method of discipline had limited immunity from civil liability. The facts of that case are very similar to the one at issue. In Roy, the buttocks had bruises and the doctor there indicated that the area was sore and tender to touch for a few days, but the bruises were not severe. In this case, the circumstances are, for the most part, identical.
As we said in Roy, id. at 355:
"The bruises sustained on the posterior of the plaintiff's son are clearly indicative of what this Court would expect from being struck with the aforementioned `paddle'. It seems clearly evident that a `swat' or `hit' on one's posterior, with a wooden paddle, using any degree of force, would cause slight bruising. The reason for the discipline was to reprimand the child."
In Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), our supreme court reviewed the standard of appellate review of facts. Quoting from Canter v. Koehring Company, 283 So.2d 716, 724 (La.1973), it stated:
"When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error."
The court added in Arceneaux, supra at 1333:
"`Manifestly erroneous,' in its simplest terms, means `clearly wrong'. . . . [T]herefore, the appellate review of facts is not completed by reading so much of the record as will reveal a reasonable factual basis for the finding in the trial court; there must be a further determination that the record establishes that the finding is not clearly wrong (manifestly erroneous)."
*910 While we are reluctant to overturn a trial judge's finding on a purely factual issue, we are of the opinion that the facts of this case are virtually indistinguishable from Roy and the determination that the punishment was excessive is clearly wrong.
For the above and foregoing reasons, the decision of the trial court is reversed. All costs are taxed to plaintiff-appellee.
REVERSED AND RENDERED.
DOMENGEAUX, J., concurs and assigns reasons.
DOMENGEAUX, Judge, concurring.
Within the context of reasonable corporal punishment as set out in Roy, I do not agree with the statement in the majority opinion which reads: "The color photographs taken at this examination seem to indicate that these bruises were more than mild." Actually, the photographs merely confirm Doctor Williams' testimony concerning reddish purple discoloration of the buttocks. Although there were no photographs in the Roy record, a review of the medical and lay testimony therein indicates that the bruises sustained by Roy were about the same as those sustained by the student in this case.
NOTES
[1] Evelyn LeBlanc filed suit in 1974, in her capacity as tutrix of the minor child, Jeffery Savoy. While the suit was pending, the minor obtained majority and was substituted as the party plaintiff.