381 So.2d 1290 (1980)
Henry LeBOYD et al.
v.
Wilbert JENKINS.
No. 10388.
Court of Appeal of Louisiana, Fourth Circuit.
March 11, 1980.
Rehearing Denied April 18, 1980.
*1291 Gordon Hackman, Boutte, for plaintiffs-appellants.
Melvin C. Zeno, Marrero, for defendant-appellee.
Before BOUTALL, GARRISON and CHEHARDY, JJ.
GARRISON, Judge.
Plaintiff appeals the dismissal of his lawsuit against his former teacher for injuries allegedly inflicted through corporal punishment. The trial judge held that plaintiff had "failed to carry the burden of proof." We affirm, finding that plaintiff failed to prove defendant's action was either excessive or unreasonable.
The incident made the basis of this litigation occurred on April 7, 1964, at which time Hilton LeBoyd was ten years old and a student at the Pecan Grove School in St. Charles Parish. On that date Hilton was one of a group of students to whom defendant, a teacher at the school, administered a "paddling" by giving each one three or four "licks" on the hand with a rubber strap. Plaintiff alleges that he sustained a broken thumb, a sprained hand, and contusions, and had to be taken to the hospital for treatment. His father ultimately filed suit against Jenkins, the teacher, but the case was not brought to trial until May 1978, a fourteen-year lapse.
There is no state law which expressly either permits or forbids corporal punishment of a student by a teacher. (See R.S. 17:416.1[A], enacted since the incident here.) Litigation over school discipline has been rather sparse in Louisiana. Most frequently the issue of a teacher's right to administer corporal punishment has been side-stepped since the courts repeatedly found that, whether or not it was permitted, the punishment administered was excessive. See Houeye v. St. Helena Parish School Board, 223 La. 966, 67 So.2d 553 (1953); Johnson v. Horace Mann Mutual Insurance Co., 241 So.2d 588 (La.App. 2nd Cir. 1970); Frank v. Orleans Parish School Board, 195 So.2d 451 (La.App. 4th Cir. 1967), writ refused, 250 La. 635, 197 So.2d 653.
Most recently, however, the Third Circuit, in a well-reasoned and articulate opinion, held that corporal punishment reasonable in degree, administered by a teacher to a pupil for disciplinary reasons, is permitted in Louisiana. Roy v. Continental Insurance Co., 313 So.2d 349 (La.App. 3rd Cir. 1975), writ refused, La., 318 So.2d 47. We agree with reasoning of the Roy case. Accordingly, the only determination to be made from the record before us is whether this particular defendant's action was excessive or unreasonable in light of the particular facts of this case.
With some conflict in the testimony, the evidence indicates Hilton was a student in Jenkin's physical education class. On the day of the incident, Jenkins told the entire class, which consisted entirely of boys, to line up because another teacher had told him they were making noise while leaving class the previous day and also that day while he was away from the classroom. Jenkins instructed the students to hold their hands up, palms out, and he went down the line giving each in turn three or four licks with a rubber strap. The strap was made of flexible rubber, approximately 3/16 of an inch thick, one and one-half inches wide and one to two feet long. Hilton testified:
"When [Jenkins] said we was making noise the day before, I tried to tell him that I was not in school the day before and he lined us up and hit us. The first lick I got was on the finger and I put out my other hand to take another lick and he said `No, put out your other hand,' and as a result, I kept nugging my hand forward *1292 and when I went to the doctor, I had a bad bruised wrist and a broken thumb."
It is undisputed that none of the other boys so disciplined complained of any injury. There was also some evidence indicating Hilton may have hurt his hand previously playing sports, although he denied this. Jenkins contradicted himself on whether he remembered Hilton's alleged prior injury at the time he punished him. Jenkins testified the boys were leaving the physical education class to go to the next class, and were in the hall making noise, laughing, talking, and running. Both Hilton LeBoyd and Donald Broadenaux, who was another member of the group so disciplined, testified that they were not "acting up." They also denied having been warned previously by Jenkins not to disturb other classes, while Jenkins testified he had had trouble with this particular class before and had warned them about their behavior several times. He also stated that he specifically remembered Hilton as being one of the students making noise. In contrast, Hilton and Broadenaux testified Jenkins had been gone from the class while the horseplay was going on and returned at the time when he administered the beating to the group. Jenkins also testified it was not uncommon for teachers at the school to administer this type of punishment, although he did not remember doing it himself previously.
There were neither expert medical testimony nor medical records offered in evidence, due apparently to the long time lapse between the incident and the trial. However, LeBoyd, his parents, and Broadenaux all testified that Hilton had to wear a cast on his right forearm for about six weeks afterward. They also said that Hilton's hand and wrist were bruised and swollen following the paddling.
Factors to consider in determining whether punishment was reasonable are the age and physical condition of the pupil, the seriousness of the misconduct eliciting the punishment, the nature and severity of the punishment, the attitude and past behavior of the child, and the availability of less severe but equally effective means of discipline. Thompson v. Iberville Parish School Board, 372 So.2d 642 (La.App. 1st Cir. 1979), writ denied, La., 374 So.2d 650; Roy v. Continental Insurance Co., supra; 79 C.J.S. Schools and School Districts § 502.
Application of these factors turns upon the facts and circumstances of each situation. In this case, the evidence is conflicting on many of the relevant points, and thus turned on the trial judge's evaluation of each witness' credibility. His conclusion that plaintiff had failed to carry the burden of proof obviously indicates he believed Jenkins rather than plaintiff and Broadenaux as to the surrounding circumstances. It is well-settled that credibility evaluations in the face of conflicting testimony are the province of the finder of fact, and an appellate court may not reverse them in the absence of manifest error. See Canter v. Koehring Co., 283 So.2d 716 (La.1973), its predecessors cited therein, and its progeny. We cannot say the trial judge was clearly wrong in leaving defendant over plaintiff.
The question remains whether, even if we believe Jenkins' version, his punishment of Hilton LeBoyd was excessive or unreasonable. We conclude it was not. The type of paddling administered was less severe, and not nearly so embarrassing, as would been a spanking on the backside, and none of the other students was injured by it. Given that the group of boys, and Hilton specifically, were engaging in horseplay and making noise, that they had previously been warned not to disturb other classes, and that Jenkins did not recall that Hilton may have injured his hand previously, we do not consider the paddling either excessive or unreasonable.
Accordingly, the judgment of the district court is affirmed.
AFFIRMED.