389 So.2d 405 (1980)
Anna Spear Goff THOMAS, Natural Tutrix of the Minor, Joseph A. Goff, Plaintiff-Appellant,
v.
Carter BEDFORD et al., Defendants-Appellees.
No. 14252.
Court of Appeal of Louisiana, Second Circuit.
September 22, 1980.
*406 John M. Frazier, Shreveport, for plaintiff-appellant.
Gordon E. Rountree, Shreveport, for defendants-appellees.
Before PRICE, JASPER E. JONES and FRED W. JONES, Jr., JJ.
FRED W. JONES, Jr., Judge.
Anna Spear Goff Thomas, as the natural tutrix of her minor son, Joseph A. Goff, filed this suit against Carter Bedford, a Caddo Parish school teacher, the Caddo Parish School Board, and the latter's liability insurance carrier, Reliance Insurance Company,[1] for injuries allegedly sustained by the minor because of a battery committed by Bedford at a Caddo Parish School.
Plaintiff appeals from a district court judgment rejecting her demands. We reverse and render judgment for plaintiff.
The incident in question occurred in February 1979 at the Northwood High School in Caddo Parish. Goff, a student at the school, was 14 years of age, weighed between 95 and 100 pounds, and was 4 feet 9 inches in height. Bedford, a teacher at the school, was 26 years of age, weighed between 135 and 140 pounds, and was 5 feet 9 inches in height. The two had become acquainted the previous year when Goff was in one of Bedford's classes. The record indicated that, although not a serious disciplinary problem, Goff tended to engage in mischievous behavior, some of which had been occasionally directed at Bedford.
On the afternoon of February 15, 1979, while Bedford was standing outside a classroom at the high school conversing with two other teachers, Goff came up and struck Bedford a light blow in the back with his hand. Instead of going to his class as instructed by Bedford, Goff picked up a rubber band and from a distance of about two feet propelled it into Bedford's face. Goff then turned and ran into his classroom, chased by Bedford who threw a two foot long 1" by 2" board at the youngster, but missed him.
Bedford left and went to his classroom where he remained for ten or fifteen minutes. He then returned to Goff's classroom and pulled the youngster into an adjoining *407 vacant "project" room where the altercation in question took place. Bedford testified that he gave Goff a "severe shaking." On the other hand, Goff stated that Bedford struck him three or four times on the body with his fist. The statement of the physician who examined Goff, finding that the youngster had contusions of the chest, arms and back, tended to corroborate Goff's version of the incident.
It is now recognized that "corporal punishment, reasonable in degree, administered by a teacher to a pupil for disciplinary reasons, is permitted in Louisiana." Roy v. Continental Insurance Co., 313 So.2d 349 (La.App.3rd Cir. 1975). Further elaborating, the court in Roy commented:
"It is also a well established rule in general tort law that a teacher is immune from civil liability for physical corporal punishment, reasonable in degree, administered to a student. But it is likewise clear under tort law that this discretionary right of a teacher to use physical punishment is a limited one and immunity or privilege from liability requires a showing that said punishment was administered neither unreasonably nor excessively, measured in part by such factors as the nature of the punishment itself, the misconduct of the child, the teacher's motive in the discipline, and the age and physical condition of the pupil. The question of `reasonableness' or `excessiveness' is determined on a case by case basis. . . . "
Also see LeBoyd v. Jenkins, 381 So.2d 1290 (La.App.4th Cir. 1980); LeBlanc v. Tyler, 381 So.2d 908 (La.App.3rd Cir. 1980); McKinney v. Greene, 379 So.2d 69 (La. App.3rd Cir. 1979); White v. Richardson, 378 So.2d 162 (La.App.1st Cir. 1979); Thompson v. Iberville Parish, 372 So.2d 642 (La.App.1st Cir. 1979).
The rationale of these cases, which we adopt, is that a minor's school teacher, while the youngster is attending school, stands in the place of the parent for the purpose of enforcing discipline and, in connection therewith, may use a reasonable degree of corporal punishment. The factual question presented by each individual case is whether the punishment was unreasonable or excessive under the circumstances.
In his written reasons for judgment in this case the trial judge concluded that "although the teacher's action greatly exceeded reasonable force (emphasis added), nevertheless, there is sufficient provocation by plaintiff for Mr. Bedford to have lost his temper in rendering corporal punishment on Joseph Goff." In a previous portion of that opinion the minor had been characterized as the "aggressor."
The "aggressor doctrine" contemplates an altercation provoked by the aggressor against a party who defends himself. Even if, under the facts of this case, Goff's striking Bedford in the back and hitting him with a rubber band rendered him an aggressor, it is obvious that the subsequent altercation in the "project" room, some 10 or 15 minutes later after Bedford had admittedly calmed down, was in fact a separate incident and not a spontaneous reaction to the original provocation. Therefore, the "aggressor doctrine" is inapplicable. The pivotal issue here is whether the corporal punishment meted out by Bedford was unreasonable. The trial judge explicitly answered that question in the affirmative. Since this is a factual question and our review of the record does not show that the trial judge was clearly wrong in his conclusion, we must accept that ruling. Consequently, under our jurisprudence Bedford, his employer and the latter's insurance carrier are liable for Goff's injuries.
Legitimate concern for disciplinary problems in our schools ably articulated by the conscientious trial judge, does not permit us to disregard our responsibility to accord due deference to the rights of all those participants in the educational process, students as well as teachers and administrators. Needless to say, our law does not by any means render the latter impotent in the face of rule infractions. Where appropriate, corporal punishment may be administered in a reasonable manner as a measured, rational response to serious acts of misconduct.
*408 On the issue of quantum it is obvious that the injuries sustained by Goff were relatively minor, consisting of bruises which remained sore for a week or two. No classes were missed. Under the circumstances, we conclude that the sum of $500.00 will adequately compensate the plaintiff for her son's injuries.
For the reasons set forth, we reverse the judgment of the trial court and render judgment in favor of the plaintiff and against the defendants, in solido, for the sum of $500.00 together with legal interest as provided for by law and court costs in the lower court and on appeal.
NOTES
[1] Defendants' answer added United Pacific Insurance Company as a defendant, asserting that the petition erroneously named Reliance Insurance Company as the school board's liability carrier.