449 So.2d 182 (1984)
Al Benjamin GUILLORY, et al., Plaintiffs-Appellants,
v.
Michael ORTEGO, Defendant-Appellee.
No. 83-569.
Court of Appeal of Louisiana, Third Circuit.
April 11, 1984.
*183 Whiteand Pitre, Marion Overton White, Opelousas, for plaintiffs-appellants.
Young & Burson, I.J. Burson, Jr., Eunice, for defendant-appellee.
Before DOMENGEAUX, STOKER and DOUCET, JJ.
DOMENGEAUX, Judge.
The plaintiffs, Al and Regina Guillory, individually and as natural tutor and tutrix respectively[1] of their minor child, Reginald Guillory, filed this suit against Michael Ortego (a teacher at Opelousas Senior High) seeking to recover damages for injuries allegedly sustained by Reginald Guillory as a result of disciplinary action administered by the defendant-teacher. From a judgment in favor of the defendant plaintiffs have perfected this appeal.
We find the essential facts leading up to this suit to be as follows: On or about April 29, 1980, Reginald Guillory was sixteen years of age and a student at Opelousas Senior High School. On this date Reginald was late for his physical education class. When the defendant, a PE teacher and coach, inquired as to the reason for the child's tardiness, Reginald failed to respond. The question was again repeated. To which Reginald replied that he had forgotten his athletic shoes and was waiting to use those of his cousin. Thereupon Coach Ortego explained to him the importance of being on time. This verbal reprimand was concluded by the coach asking, "Do you understand, Reginald." The response was "Yeah." Coach Ortego then told Reginald to respond correctly because he required all students to address any member of the faculty with Sir or Mam, respectively. Reginald refused to comply and turned to walk away. The coach then grabbed Reginald by the shoulders, turned him around, and told him to say "Yes, sir." Coach Ortego testified that after Reginald had properly responded he was irritated with the child and thus admits to releasing him in a forceful manner. Coach Ortego further testified that it would have been impossible for Reginald to sustain anything more than transistory pain from this affray.
Reginald, on the other hand, claims that Coach Ortego was trying to provoke a fight by throwing him into some lockers. Reginald's somewhat incredulous explanation was that the coach antagonized him in order to incite a violent response so that the coach could expel him.[2]
As to the extent of plaintiff's injuries, Dr. George Prather, a pediatrician in Opelousas, testified that on April 29, 1980, he examined Reginald Guillory for complaints of pain on the right side of his back. Doctor Prather found the muscle "just around *184 and above and remial to" the right flank to be in spasm or "in other words, a little more rigid." He found "no bruises" and prescribed an ice pack and Tylenol if needed.
On May 5, 1980, young Guillory returned and still claimed to be experiencing tenderness and spasms. Doctor Prather stated that just as a precaution he took an x-ray of Guillory's back, which was negative. Doctor Prather did not see Reginald Guillory again and his final diagnosis was "a muscular spasm on the right side of the back above the flank." He also thought Reginald probably had a slight internal bruise because there was a swollen area, about 2½ inches by 3½ inches but "it wasn't apparent by any blueish or dark area." Doctor Prather further testified that an injury of this nature could be caused simply by stepping off of a curb.
Roy v. Continental Insurance Company, 313 So.2d 349 (La.App. 3rd Cir.1979), writ denied, 318 So.2d 47 (La.1975), is the leading case which squarely dealt with the question of whether a teacher has the right to use corporal punishment. In Roy, this Court construed all applicable Louisiana statutes and three earlier cases.[3] We there held that: "Corporal punishment reasonable in degree, administered by a teacher to a pupil for disciplinary reasons is permitted in Louisiana." Roy, supra, 313 So.2d at 354.
Subsequent to that decision La.R.S. 17:223 was amended in pertinent part to read as follows:
"Every teacher is authorized to hold every pupil to a strict accountability for any disorderly conduct in school or on the playground of the school, or on any school bus going to or returning from school, or during intermission or recess. Any teacher or school principal may use corporal punishment in a reasonble manner against any pupil for good cause in order to maintain discipline and order within the public schools, subject to the provisions of R.S. 17:416.1." (Emphasis added).
La.R.S. 17:416.1 was also amended following the Roy decision to read as follows:
"A. In addition to the specific disciplinary measures authorized in R.S. 17:416 teachers, principals, and administrators of the public schools may, subject to any rules as may be adopted by the parish or city school board, employ other reasonable disciplinary and corrective measures to maintain order in the schools; provided, however, that nothing in this Section shall be construed as superseding the provisions of R.S. 17:416 relative to the disciplining of students, suspensions, and expulsions."
The Attorney General has opined that any rule or regulation adopted by any local school board prohibiting corporal punishment in schools under their jurisdiction is contrary to La.R.S. 17:223. Op.Att.Gen. No. 77-704, May 25, 1977.
This Court also interpreted La.R.S. 17:416.1(A) as amended in McKinney v. Greene, 379 So.2d 69 (La.App. 3rd Cir. 1980), writ denied 381 So.2d 1233 (La. 1980). There we stated that "[i]t [was] clear that in enacting LSA-R.S. 17:416.1(A) the Legislature did not intend to prohibit the use of reasonable corporal punishment by teachers and school officials." McKinney, supra, 379 So.2d at 71.
The U.S. Supreme Court in Ingraham v. Wright, 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977) held that the disciplinary paddling of public school students did not constitute cruel and unusual punishment in violation of the Eighth Amendment.
*185 Further, numerous Louisiana Courts of Appeal decisions have stated that corporal punishment is permissible if reasonable in degree and administered by a teacher to a pupil for disciplinary reasons. See, McKinney v. Greene, supra; LeBoyd v. Jenkins, 381 So.2d 1290 (La.App. 4th Cir.1980), writ refused 386 So.2d 341 (La.1980); Thomas v. Bedford, 389 So.2d 405 (La.App. 2nd Cir.1980); Thompson v. Iberville Parish School Board, 372 So.2d 642 (La.App. 1st Cir.1979), writ denied 374 So.2d 650 (La. 1979).
It is well settled from the foregoing stautes and jurisprudence that corporal punishment, reasonable in degree, is permitted in Louisiana. Thus the only remaining question is whether under the particular facts and circumstances herein the punishment imposed was excessive or unreasonable. We opine that it was not.
The medical testimony in no way indicates that Reginald Guillory was injured as a result of this disciplinary action. It does reveal the possible existence of a "slight" internal bruise "about 2½ inches by 3½ inches." The doctor gave no indication that he felt the bruise was severe. In fact, Doctor Prather's testimony as a whole indicates to this Court that he was of the opposite opinion.
If we were to reverse the trial court and hold this set of circumstances to constitute "unreasonable" corporal punishment we would be in effect establishing an absolute rule against corporal punishment which has clearly been sanctioned by the laws and jurisprudence of this State.
The trial court here had the opportunity to observe the demeanor of both Reginald Guillory and Coach Michael Ortego, and to hear what tone of voice they responded to questions by Court and counsel. Thus the trial court was in a unique position to determine what provocation Coach Ortego had before disciplining young Guillory. It determined that Coach Ortego's account of the incident was most probably true. We cannot say this determination was manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). In fact, the judgment of the trial court is amply supported by the record.
Discipline is a necessary ingredient to public education. If the frail remanants of authority in our society are not to be totally erroded, the disciplinarians in our public school system should be encouraged, not detered, from enforcing stern but reasonable discipline.
For the above and foregoing reasons the judgment of the trial court in favor of the defendant is affirmed. Plaintiffs are to pay all costs of this appeal.
AFFIRMED.
NOTES
[1] The plaintiffs filed their petition bringing suit individually and as natural tutor and tutrix respectively of their minor child. However, there is no occasion for tutorship absent the death of one parent or the separation from bed and board of the parents. See C.C. Arts. 246-362. The proper procedure would have been for the father to bring suit on behalf of the minor as administrator of the child's estate. See C.C. Art. 221. Nevertheless, Louisiana's liberal pleading requirements do not prohibit us from considering the merits of this case despite this inadvertancy, and besides, no issue is made of it.
[2] In this case the student is black and the teacher is white. In a pretrial motion filed by attorney for the plaintiff he suggests the existence of some racial overtones. Again in his appellate brief he alludes to some motives of racial discrimination. After a thorough review of the record, we find these claims to be unsupported.
[3] These three earlier decisions were: Houeye v. St. Helena Parish School Board, 223 La. 966, 67 So.2d 553 (1953); Frank v. Orleans Parish School Board, 195 So.2d 451 (La.App. 4th Cir. 1967), writ refused, 250 La. 635, 197 So.2d 653 (1967); and Johnson v. Horace Mann Mutual Ins. Co., 241 So.2d 588 (La.App. 2nd Cir.1970). Although closely related to the Roy decision these cases avoided the issue of permissibility of corporal punishment and on each occasion found, in effect that, assuming corporal punishment was permitted the amount imposed in each specific instance was excessive and unreasonable.