501 So.2d 1008 (1987)
Terry Lynn BELK, et al., Plaintiffs-Appellants,
v.
MONTGOMERY WARD AND COMPANY, INC., Defendant-Appellee.
No. 18344-CA.
Court of Appeal of Louisiana, Second Circuit.
January 21, 1987.
Rehearing Denied February 19, 1987.
*1009 C. William Gerhardt & Associates by C. William Gerhardt, Shreveport, for plaintiffs-appellants.
Blanchard, Walker, O'Quin & Roberts by Roy S. Payne, Shreveport, for defendant-appellee.
Before JASPER E. JONES, FRED W. JONES, Jr. and SEXTON, JJ.
JASPER E. JONES, Judge.
This is an appeal of a judgment pursuant to a jury verdict rejecting in this products liability and breach of contract suit, claims for damages resulting from the operation of a riding lawn mower. The plaintiffs-appellants are Terry Lynn Belk and Jerry Ray Belk, individually and as natural tutor for the minor child Ashley Michelle Belk.[1] The defendant-appellee is Montgomery Ward & Company, Inc., the retailer of the lawn mower.
We affirm.

FACTS
On or about August 23, 1981, the plaintiffs purchased a riding lawn mower from the defendant. The plaintiffs also purchased a three year service contract on the mower from the defendant. On June 30, 1982, the plaintiffs reported to the defendant the following problems with the mower: (1) The clutch needing adjusting as it caused the mower to "rear up" on an incline; (2) a loose seat; (3) loose wiring that comes in contact with exhaust; and (4) poor braking. The defendant picked up the mower on that date, pursuant to the service contract, and returned it approximately two to three weeks later. No further problems were encountered by plaintiffs in the subsequent use of the mower until the date of the accident here sued upon.
On October 15, 1982, while Jerry Ray Belk was mowing his yard, his 2½ year old daughter, Ashley Michelle Belk, was playing on a swingset in the yard. Terry Lynn Belk, mother of the child, was away at *1010 work. Jerry stopped the mower and disembarked in order to remove some obstacles from his path. Prior to leaving the machine he pushed the clutch pedal to its maximum limit, which disengaged the clutch and he locked the clutch in this position and he set the brake. The stopped mower was still in forward gear with the motor running and blade turning. The blade height adjustment was such that the child's feet could slide under the metal guard to a point where they would be in contact with the turning blade. The father testified he walked approximately ten feet in fifteen seconds to remove a portable child's pool from his mowing path and when he turned he observed the mower moving forward 2½ feet and colliding with his daughter. The child's right foot had come into contact with the blade. She was immediately rushed to a hospital where her third, fourth and fifth toes eventually had to be amputated and a skin graft accomplished to help repair damage to the top of the injured foot. The plaintiffs alleged the return spring attached to the clutch pedal was defectively designed and improperly maintained and the faulty spring caused the harm.
At trial plaintiffs asserted the clutch return spring had broken at one attachment hook immediately after the father locked the clutch and disembarked. Plaintiffs' theory was that because of the broken spring the clutch became unlocked and when the child subsequently approached the mower and touched the clutch pedal it engaged the gear system of the mower and caused it to go forward and over the child's foot. The plaintiffs asserted the attachment hook on one end of the spring was broken at the time defendant was repairing the mower on June 30, 1982. The plaintiffs contended there was evidence the hook had been recreated by re-bending the end of the spring during the repair efforts and re-attached to the proper position on the mower.
The defendant denies the spring was defective by design or otherwise and denied that it was repaired by it in June of 1982 or at any other time. The defendant called as a witness James C. McKinney, the repairman who worked on the mower when it was picked up for repairs. The defendant also called Donald Thon, Manager of Product Development at MTD Products, Inc., who was accepted as an expert in the field of the manufacture and design of lawn mowers. His company actually manufactured the lawn mower for resale by the defendant.
The jury rendered a unanimous verdict on behalf of the defendant and judgment was rendered rejecting plaintiffs' demands for damages.
The plaintiffs appeal. The plaintiffs' assignments of error present the following issues for decision:
(1) Was the jury manifestly in error in not holding Montgomery Ward at fault and in not awarding damages on the theory the mower was defective and the repair was performed in a negligent manner?
(2) Was the trial court clearly wrong in accepting Donald Thon as an expert in the manufacture and design of lawn mowers?
(3) Was the trial court clearly wrong in allowing Donald Thon to testify concerning the results of tests conducted upon a similar lawn mower in anticipation of trial?
Issue No. 1  Was the jury clearly wrong in not finding the defendant liable?

LAW ON THE APPELLATE REVIEW OF A JURY'S FACTUAL FINDINGS
Except as limited by the Louisiana Constitution or laws concerning the review of administrative agency determinations, appellate jurisdiction of a court of appeal extends to the facts in civil cases. LSA-Const. Art. 5, § 10(B). When there is evidence before a jury which, upon its reasonable evaluation of credibility, furnishes a reasonable basis for its factual findings, on review the finding should not be disturbed by the appellate court in the absence of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Doss v. Hartford Fire Ins. Co., 448 So.2d 813 (La.App.2d *1011 Cir. 1984), writ den., 450 So.2d 359 (La. 1984).
Should the jury's finding of non-liability be reversed?
The plaintiffs argue they proved by an overwhelming preponderance of the evidence the defendant negligently maintained the mower by re-bending and re-attaching the broken clutch return spring and that the jury was clearly wrong in finding otherwise and not awarding damages.
The record shows the plaintiffs' report of problems with the mower did not include a specific reference to the clutch return spring. The defendant's repair efforts were evidenced by the plaintiffs' copy of the original work order which was admitted into evidence. This largely illegible document showed that no parts were ordered and only the mower blade was replaced. James C. McKinney, the defendant's serviceman who signed the original work order, was the only individual to work on the mower and he testified he could not recall the work he did upon the mower. He did testify unequivocably that in the event he had found a broken clutch spring he would have replaced it and under no circumstances would he have attempted to repair it by recreating a hook by bending the broken end of the spring. He also related the clutch problem reported by the plaintiffs would not have been related to the clutch spring so there would have been no reason to investigate this particular component part in the repair of the mower. The plaintiffs testified the mower operated correctly after its return and that the machine sat immobile in the back yard after the accident, exposed to the elements, for two months before being pushed by hand into a shed. The mower was later transported by the plaintiffs in a pickup truck to an engineer for inspection. It was only then discovered that the spring was broken.
The testimony of the defendant's repairman, the fact that the lawn mower sat idle for two months exposed to the elements before the broken spring was discovered, together with the testimony of Donald Thon, defendant's expert, that extensive testing revealed no defect in an identical spring, provides substantial evidence to support the jury's factual finding of no fault on the part of the defendant, either as a result of a defect in the mower or of negligence in the repair of the mower.
It is asserted the erroneous verdict was also due to the trial court's jury instructions which merged the concepts of negligence and defect so that the jury may have believed that liability could not be found for the negligent repair of the machine. The trial court's instructions included a verbatim recitation of the relevant part of LSA-C.C. art. 2315 and informed the jury that fault meant negligence which, in turn, was defined as the failure to do something a prudent and reasonable person would do or the doing of something a prudent and reasonable person would not do. A defect was defined as a flaw that rendered the mower unreasonably dangerous in normal use and the instructions specified that in order to return a verdict against the defendant without proof of carelessness the jury would have to be convinced by a reasonable preponderance of the evidence that the mower was defective. The first interrogatory on the jury verdict form read: "Do you find by a preponderance of the evidence that Montgomery Ward and Company, Incorporated, was guilty of any fault in connection with this accident?"
The record shows that the jury was adequately instructed as to the concepts of negligence and product liability. The jury verdict form clearly provided the jury an opportunity to reflect a finding of liability for any negligence in the repair of the mower. In brief, the defendant complains that no specific instruction as to negligent repair was given. However, the record reveals no evidence that the defendant submitted such an instruction for the court's approval and no evidence that an objection to the lack of such a specific instruction was made to the trial court. Cf., Ealy v. Bill Allen Dodge, Inc., 466 So.2d 52 (La. App.2d Cir.1985). The jury's determination *1012 is reasonably supported by the evidence and is not manifestly erroneous.
Issue No. 2  Was the trial court in error in accepting the defense witness as an expert in the manufacture and design of lawn mowers?

LAW ON THE QUALIFICATIONS OF EXPERT WITNESSES
Generally a witness is only allowed to testify to facts within his knowledge. An exception is made where: (1) the subject matter of the testimony is so distinctly related to some activity as to be beyond the understanding of the average layman and; (2) the witness has sufficient skill, knowledge or experience in that activity so that his opinion will aid the trier of fact in his search for truth. Bechtel v. Entringer Bakeries, Inc., 422 So.2d 1299 (La.App. 5th Cir.1982). Experience alone is sufficient to qualify a witness as an expert and the trial court's decision to confer this status is not to be reversed in the absence of clear error. Ealy v. Bill Allen Dodge, Inc., supra.
Was the trial court clearly wrong in accepting the witness as an expert?
The plaintiffs argue it was error for the trial court to accept the defense witness, Donald Thon, as an expert as his testimony did not involve any scientific principles but concerned only trial and error field tests which any "man off the street" is capable of understanding. It is asserted that prejudicial error occurred as the witness was too broadly qualified and the jury could have placed too much significance on his opinions.
The record shows the plaintiffs' primary theory of recovery was that the clutch return spring incorporated into the mower amounted to a design defect as it was susceptible to metal fatigue and breakage in normal use during the life of the product. The witness, Donald Thon, testified he graduated from high school in 1945 and has never taken any college level science or engineering courses. He joined MTD Products, Inc. of Valley City, Ohio, in 1952 where he was assigned to the die design department. His duties included the design of tools used by another company in the production of rotary lawn mowers. He worked in that department until 1957 when MTD Products, Inc. commenced manufacturing its own lawn mowers for resale by other businesses. At this time the witness was assigned as Chief Engineer in charge of the design and field testing of lawn mower prototypes. He remained in this position until 1970 when he was assigned as Safety Engineer with the responsibility of ensuring the research and development effort on the lawn mowers was done in accordance with applicable safety standards. In 1975 Donald Thon was made Manager of Product Development at MTD Products, Inc. with supervision over the research and design of various products including lawn mowers. The witness also related he had been associated with the American National Standard Institute since 1966. This organization is a publishing house of safety standards for different products. He was chairman of an engineering committee that published the safety standards for lawn mowers in 1972. The witness concluded by relating that he has devoted his career since 1957 to the design and manufacture of lawn mowers and that he has been accepted by other courts as an expert in that field. The trial court accepted the witness as an expert in the tendered field and in the effects of stress by field testing on the product. The court specifically limited testimony on scientific principles to only such trial and error testing.
We conclude this assignment of error is meritless. It is evident that the design, manufacture and field testing of a clutch return spring, as a component part of a lawn mower, is an area not within the experience and understanding of the average layman. The extensive work experience of the witness in this area, and for the company that actually tested and manufactured the lawn mower involved in the accident, shows he is amply qualified in assisting *1013 the jury in determining whether the spring contained a design defect.
Issue No. 3  Was the trial court in error in allowing the expert witness to testify concerning the results of tests conducted in anticipation of trial?
LAW ON THE DISCRETION OF A TRIAL COURT TO RECEIVE OR REJECT THE OFFERED TESTIMONY OF WITNESSES
The trial court is given great discretion in deciding whether to receive or refuse the offered testimony of witnesses. Any doubt must be in favor of receiving the testimony. Unusual failure to object to the right of a witness to testify by a party's counsel may constitute a waiver of an otherwise valid objection to the witness based upon the ground the party calling the witness breached his duty to supplement prior answers to written interrogatories. Coignet v. Deubert, 413 So.2d 253 (La.App. 4th Cir.1982); LSA-C.C.P. art. 1428.[2]
Should the witness have been allowed to testify?
The plaintiffs argue that Donald Thon, the defendant's expert witness, should not have been allowed to testify concerning the results of three tests conducted in anticipation of trial and upon a clutch return spring identical to the one contained upon plaintiffs' mower. The plaintiffs claim unfair surprise and maintain that the defendant breached its continuing obligation to supplement its original answers to interrogatories and timely inform of the existence of these tests. It is also urged that such testimony violates the best evidence and hearsay rules as no foundation was laid establishing the validity of the testing conditions in regard to the proper stress level that the spring should have been subjected to. It is asserted that such testimony amounts to prejudicial error as the written test results were not introduced into evidence by the defendant although this document was available. The plaintiffs conclude by arguing the written test results should have been available for inspection upon cross-examination and the failure to introduce such documentation results in a presumption that the test results are unfavorable to the defendant's position.
The record shows the plaintiffs propounded pre-trial written interrogatories to the defendant. Interrogatory No. 44 asked whether any investigations or reports had been prepared by the defendant, or on its behalf, as a result of the accident. Interrogatory No. 46 asked that a copy of all investigations or reports be included with the answers. By answers filed February 9, 1984, the defendant denied that any such investigations or reports had been made other than certain correspondence with the plaintiffs' counsel. The plaintiffs deposed Donald Thon on October 17, 1985, one day after the beginning of the trial. At this deposition the plaintiffs were informed that the witness had supervised certain tests conducted upon a similar lawn mower containing an identical clutch return spring between March-October 9, 1985, at testing facilities at the MTD Products, Inc. plant in Ohio. The plaintiffs were also made aware of written test results at this deposition. The defendant never supplemented its prior answers to the plaintiffs' interrogatories to inform of the existence of these tests. On October 21, 1985, the plaintiffs objected when the defendant offered the witness to testify concerning the testing procedure and test results. The plaintiffs argued that such testimony violated the hearsay *1014 rule as the witness did not personally perform all of the testing. The plaintiffs also asserted that such testimony violated the best evidence rule as the written results are the best evidence of the tests themselves. The written test results consisted of only computer annotations of the hours and the number of cycles which a mechanical rod pushed the clutch pedal of the test lawn mower thereby applying stress to the attached clutch spring. The witness did not use this document during his testimony and the written test results were not introduced into evidence even though the court gave the plaintiffs that perogative upon cross-examination of the witness.
We conclude that this assignment of error is without merit. Although the defendant breached its continuing obligation to supplement the answers to the interrogatories so as to make the plaintiffs aware of the tests, the trial court was not in error in accepting the testimony. Plaintiffs' counsel had actual knowledge of the existence of the tests and written test results at the deposition. Plaintiffs' counsel did not move for a recess or request any other corrective action on the part of the court at the time this new information became available and made no objection until four days later when the testimony was offered at trial. The plaintiffs were advised by pretrial statement filed by defendant on December 13, 1984, approximately ten months before trial, that defendant might call Donald Thon as a witness to testify as to the adequacy of the design and manufacture of the lawn mower and its component parts and to the causes of the alleged accident. This information placed plaintiffs on notice of the identity of the witness and the nature of his testimony. Plaintiffs could have taken the witness's deposition earlier and found out about his testimony which information would have included details about the testimony. Considering all of these circumstances and plaintiffs' detailed knowledge acquired four days before the witness was called, we find plaintiffs' failure to seek a recess or request any other corrective action waived their objection to this witness based upon the defendant's failure to supplement its answer to the interrogation relating to his testimony. The trial court did not abuse its discretion by permitting the witness to testify. Cf., Coignet v. Deubert, supra. It is unnecessary to address the plaintiffs' arguments that the witness's testimony violated the hearsay and best evidence rules due to a lack of proper foundation and that the defendant suffers from an adverse presumption that the test results which were not admitted into evidence were unfavorable. Not only did the plaintiffs choose not to exercise the right to have the test results admitted into evidence on cross-examination, but these objections were never made to the trial court in the plaintiffs' trial objections to these particular tests. Different grounds for objection cannot be asserted on appeal. Cooper v. AMI, Inc., 454 So.2d 156 (La.App. 1st Cir. 1984), writ den., 459 So.2d 539 (La.1984).

CONCLUSION
The judgment is AFFIRMED. All costs of this appeal are to be assessed against the plaintiffs.
NOTES
[1] We note that there is no occasion for tutorship as the petition itself relates both parents were alive and living together as man and wife at the time the cause of action arose and at the time suit was filed. Although no objection is raised, the proper procedure would have been to have the father bring the suit on behalf of his minor daughter as administrator of the child's estate. LSA-C.C. arts. 221, 246. See also, Guillory v. Ortego, 449 So.2d 182 (La.App. 3d Cir.1984).
[2] Art. 1428. Supplementation of responses

A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement his response to include information thereafter acquired, except as follows:
. . . . .
(2) A party is under a duty seasonably to amend a prior response if he obtains information upon the basis of which he knows that the response was incorrect when made, or he knows that the response though correct when made is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.
. . . . .