413 So.2d 253 (1982)
Stephen COIGNET
v.
Richard DEUBERT.
No. 12867.
Court of Appeal of Louisiana, Fourth Circuit.
April 7, 1982.
*254 J. Paul Demarest, Favret, Favret, Demarest & Russo, New Orleans, for plaintiff-appellee.
Robert J. Caluda, New Orleans, for defendant-appellant.
Before SCHOTT, WARD and KLEES, JJ.
WARD, Judge.
Plaintiff, Stephen Coignet, sues for damages for personal injuries he received in a fight that occurred in Mother's Lounge, a bar in the City of New Orleans. The Trial Judge awarded Coignet $6,278.00, and the defendant appeals that judgment. The issues raised on appeal are: (1) Were witnesses erroneously permitted to testify? (2) Was a plea of nolo contendere erroneously received as evidence? and (3) Is the amount awarded by the court excessive? First, a short review of the facts is appropriate.
All of the events took place in Mother's Lounge in the early evening of December 14, 1979. On that evening, a Friday, both Coignet and Deubert were patrons of the lounge. Coignet had gone to the lounge to shoot pool and meet some friends; Deubert went there to meet his wife and some of his co-workers. Shortly after Deubert arrived at the lounge, his wife went to the bar to order a drink. While there, she engaged in a brief conversation with Coignet and his friend, Terry Rankin. After she was served and left the bar area, Deubert attacked Coignet because of remarks Coignet made about Deubert's wife. The fight was immediately broken up by friends. Nevertheless, about fifteen minutes later a fight again broke out between the two men.
*255 There was conflicting testimony offered by Coignet and Deubert during trial. Coignet testified that he noticed Deubert coming toward him from the end of the bar, and the next thing he knew he was spun around and Deubert smashed him in the side of his face with a beer glass. He received severe facial lacerations and was taken to the Ochsner Foundation Hospital emergency room, where doctors sutured his face with over forty stitches. Deubert testified that Coignet came to his end of the bar, and before he knew what was happening, a "force" was on him. However, he admitted he hit Coignet with the beer glass. At trial, Coignet's testimony was corroborated by three friends who were patrons of the bar. Deubert's version was corroborated by four of his co-workers who were also patrons of the bar.
The trial judge chose to believe the plaintiff and his witnesses. He concluded that Deubert was the aggressor, who committed an unprovoked battery upon Coignet. The judge found, in the alternative, that even if Coignet was the aggressor and Deubert was defending himself, Deubert used excessive force in repelling the attack. The judge awarded Coignet damages: $78.00 for emergency room expenses; $150.00 for the examining physician, Dr. Krust; $2,050.00 for future medical expenses; and $4,000.00 for past, present and future pain and suffering and permanent disfigurement.
The first issue raised by Deubert is a procedural one. Deubert objected at trial when the judge allowed the witnesses Virgil Fox, John Whysong and Terry Rankin to testify because their names were not included as potential witnesses in Coignet's answers to interrogatories filed by Deubert. He argues that the judge committed manifest error: the judge permitted Coignet to ignore his obligation to supplement interrogatories so as to make full disclosure of the witnesses Coignet intended to call during trial.
Coignet contends that he only discovered those witnesses after he filed his answers. Further, he alleges that although he did not supplement his answers, he notified Deubert of the additional witnesses when he sent his attorney a carbon copy of a letter mailed to the Clerk of Court requesting that subpoenas issue for those witnesses no matter how much Deubert's attorney denies receipt of the carbon copy. Coignet also argues that even if Deubert did not receive notice of the additional witnesses, he cannot complain because he did not comply with the Trial Judge's "Pre-Trial Order" which required counsel to subpoena all witnesses and to place the names of those witnesses in the record. He contends that although he complied, Deubert did not, and Deubert did not challenge this accusation.
As to discovery, LSA-C.C.P. Art. 1428 provides in its pertinent parts:
A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement his response to include information thereafter acquired, except as follows:
(1) A party is under a duty seasonably to supplement his response with respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters, and the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony.
(2) A party is under a duty seasonably to amend a prior response if he obtains information upon the basis of which he knows that the response was incorrect when made, or he knows that the response though correct when made is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.
(3) A duty to supplement responses may be imposed by order of the court, agreement of the parties, or at any time prior to trial through new requests for supplementation of prior responses. (Acts 1976, No. 574, § 1)
Although we believe LSA-C.C.P. Art. 1428 clearly required Coignet to supplement his answers to the interrogatories, *256 we conclude that the trial judge did not err when he received the testimony of these witnesses for the following reasons. We believe counsel must be charged with the responsibility of knowing the entire contents of the record, including in this instance opposing counsel's requests for additional subpoenas to witnesses not previously disclosed. Deubert did not move for a continuance after Coignet made this request, and waived any defect caused by omission of witnesses from the answers to the interrogatories. Also, Deubert did not move for a continuance after he had actual knowledge immediately before trial that those witnesses would testify for Coignet. This is further evidence he waived the defect in Coignet's answers.
The trial judge must be given great discretion in deciding whether to receive or refuse the offered testimony of witnesses and any bias must be in favor of receiving the testimony. In determining whether there was an abuse of that discretion, we considered whether there was a willful or negligent failure to disclose names of witnesses by Coignet, and whether Deubert also failed to comply with the prescribed pre-trial procedure of the Pre-Trial Order to disclose his witnesses to Coignet. Because of the unusual omissions of both attorneys in this case, we find the Trial Judge did not abuse that discretion when he received that testimony.
As to the second issue in this appeal, Deubert alleges that the Trial Judge erred in "relying heavily" in his reasons for judgment on "unsubstantiated criminal proceedings" a plea of nolo contendere entered by Deubert in a criminal proceeding arising from the same incident. This plea was proven at trial; it was admitted by the defendant on cross-examination. Nevertheless, we find that the trial judge erroneously considered the nolo contendere plea when he weighed the evidence in the case. In our opinion, LSA-R.S. 13:3737 and LSA-R.S. 13:3739 prohibit the introduction or receipt into evidence of any mention of a nolo contendere plea:
§ 3737. Evidence of a plea of nolo contendere shall not be admissable for any purpose in any civil judicial proceeding. Nothing contained herein shall prohibit the impeachment of witnesses in any civil judicial proceeding.
§ 3739. A person claiming damages for injury to person or property, or for wrongful death, in a civil action may introduce evidence that a party alleged to have caused the damages was convicted, either after a trial or upon a plea of guilty, but not upon a plea of nolo contendere, of a crime punishable by death or imprisonment and arising out of the factual circumstances in which the party is alleged to have caused the damages....
There was error, but we must consider the Trial Judge's findings of fact and reasons for judgment to decide if the error was harmless or prejudicial. The applicable law is summarized in Naquin v. Maryland Casualty Company, 311 So.2d 48 (La.App. 3rd Cir. 1975), writ ref. 313 So.2d 598 (La.1975):
When a review of the record indicates the trial court judgment is correct and that justice has been done, the judgment will not be overturned because of errors which do not affect the merits. LSA-C. C.P. Art. 2164 (citations omitted) when error is detected, it must be weighed to determine whether such error is harmless or prejudicial (citations omitted). When there is evidence before the trier of fact which, upon reasonable evaluation, furnishes a factual basis for the trial court's finding, the appellate court, on review, should not disturb this factual finding absent manifest error (citations omitted).
If there was any question whether Deubert struck Coignet with a beer glass and if the nolo contendere plea was received as evidence to prove this, this would be prejudicial error. But this was not the case; Deubert admitted he struck Coignet with the glass. If the Trial Judge believed the nolo contendere plea discredited Deubert's testimony, then it was prejudicial error to consider it for that purpose. Again, this is not the case: Deubert's testimony was not *257 rejected, it was accepted. Even so, the Trial Judge found Deubert liable to Coignet for damages since he believed Deubert used excessive force to repel any assault. As he stated in the judgment:
Even if defendant's (Deubert's) version were correct and his actions self-defense, his use of a beer glass to strike the plaintiff, under the circumstances, was excessive.
Under these circumstances, admitting the nolo contendere plea as evidence in this civil proceeding, although error, is not prejudicial error which requires a reversal of the judgment.
Finally, the defendant alternatively contends that even if he is liable for Coignet's injuries, the court's award to Coignet was excessive and unjustified. Coignet was evaluated for forensic purposes by Dr. Krust six months after his injuries. Dr. Krust found that as a result of his facial injuries he has a permanent visible scar on one side of his face, which could be excised with a number of brief hospital visits. Photographs of his face shortly after the removal of the stitches were introduced at trial, and the Trial Judge was in a position to see the scars caused by Deubert's attack and to evaluate the extent of Coignet's physical and mental pain and suffering. The trier of fact is granted great discretion in assessing the quantum of damages, and in the absence of a clear showing of manifest error or of an abuse of discretion, an award should not be disturbed. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). We do not feel that the amount awarded by the Trial Judge was an abuse of discretion.
Affirmed.