ALFORD, Judge.
Plaintiffs-appellants, Alvin and Mary Lo-drigue, appeal from a judgment denying their claims for damages resulting from a one ear accident in which Mrs. Lodrigue was involved on June 3, 1980, in Terre-bonne Parish. Mr. and Mrs. Lodrigue filed suit against the Houma-Terrebonne Airport Commission and its insurer, United States Aircraft Insurance Group, the Terrebonne Parish Police Jury and the City of Houma, alleging negligence and strict liability for the condition of the road which plaintiffs allege caused the accident.
At the conclusion of plaintiffs’ case, a directed verdict was rendered in favor of the Terrebonne Parish Police Jury dismissing it from the suit. Plaintiffs have not assigned this ruling as an assignment of error, and thus, it is not before us in this appeal.
In his written reasons for judgment, the trial judge noted that the lack of clear evidence of the alleged rut, the testimony of the witnesses and the other evidence presented, led him to the conclusion that the accident was caused by excessive speed on the part of Mrs. Lodrigue. The trial judge went on to find Mrs. Lodrigue guilty of contributory negligence and victim fault such as to bar recovery. While we agree with the trial court’s decision, we are of the opinion that the court need not have reached the issues of contributory negligence and victim fault.
The accident in question occurred on Clendening Road, approximately two-tenths of a mile south of where it intersects with Moffitt Road, in Terrebonne Parish. It was established at trial that Clendening Road is a two-way, concrete, undivided highway and that the accident occurred on a clear day during daylight hours. Mrs. Lodrigue testified that she was proceeding down Clendening Road in the direction of Houma, Louisiana, at approximately 25 to 30 miles per hour as she entered a curve in the road. She further testified that as she came out of the curve she found it necessary to steer her vehicle more towards the centerline of the road. As she attempted to execute this maneuver, the right rear wheel of her vehicle left the concrete road surface falling into a six to eight inch rut in the shoulder of the road causing her to lose control of the vehicle. Mrs. Lo-drigue’s vehicle was propelled across Clen-dening Road, eventually coming to rest in a ditch.
In an attempt to prove the existence of the alleged rut, plaintiffs’ introduced several photographs purporting to show the condition of the road shoulder the day after the accident. The photographs were taken by Mr. Lodrigue and Mrs. Lodrigue’s sister the day after the accident. It was brought out in testimony that Mrs. Lodrigue did not accompany her husband and sister to the site. In contrast to this evidence was the testimony of the investigating officer, Mr. Brian Mathies, who arrived at the scene shortly after the accident. Mr. Mathies testified that upon interviewing Mrs. Lo-drigue, she told him that as she came out of the curve her wheel went off the road onto the shoulder at which time she jerked her steering wheel to get back on the road, went across the highway and landed in the ditch. Mr. Mathies further testified that he returned to the scene to investigate the condition of the shoulder but found no ruts *1006 where Mrs. Lodrigue said she left the road. He stated that there were ruts further into the curve but where plaintiff left the road there was only a one inch variation between the road and the shoulder.
As noted above, plaintiff testified that she was traveling approximately 25 to 30 miles per hour as she entered the curve. Defendants produced three witnesses to dispute this allegation. These witnesses, all of whom were in the same vehicle, were stopped at the intersection of Moffit and Clendening Roads as Mrs. Lodrigue passed through the intersection. All three witnesses testified that the Lodrigue vehicle was traveling at a much greater speed than the 30 mile per hour posted speed limit.
Under a negligence theory of recovery, plaintiffs’ burden was to show that a hazardous condition existed at the point where Mrs. Lodrigue’s vehicle left the roadway, and that those in charge of the road had actual or constructive knowledge of the condition and failed to correct it within a reasonable time. Sinitiere v. Lavergne, 391 So.2d 821 (La.1980). To recover under strict liability, plaintiffs were required to show that the thing (the road shoulder) was defective, that it was in defendants’ custody and that it caused the accident. Loescher v. Parr, 324 So.2d 441 (La.1975). Plaintiffs have simply failed to meet their burden in proving that the road shoulder was in a hazardous or defective condition. It was, therefore, unnecessary for the trial judge to reach the issues of Mrs. Lodrigue’s contributory negligence or victim fault.
“When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error.” Canter v. Koehring, 283 So.2d 716, 724 (La.1973). We find no abuse in the trial court’s determination that there is no clear evidence of a defect in the shoulder of the road at the location Mrs. Lodrigue testified she left the roadway.
Plaintiffs allege that the trial court erred in refusing to allow their expert to testify at trial. The trial judge, relied on LSA C.C.P. art. 1428 which provides in pertinent part,
“A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement his response to include information thereafter acquired, except as follows:
(1) A party is under a duty seasonably to supplement his response with respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters, and the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony.”
Defendants had propounded interrogatories to plaintiffs on November 3, 1980, seeking- information as to the identity of any expert plaintiffs’ intended to call as a witness. Plaintiffs’ initial response was that they were undecided as to whether an expert would be called. Trial of this matter was scheduled for September 16, 1982. Counsel for defendants stated in argument that they did not receive plaintiffs’ supplemental responses until September 7, 1982, some nine days before trial. Additionally, counsel for defendants argued that plaintiffs’ counsel was uncooperative in defendants’ request to depose the witness prior to trial.
As noted in Coignet v. Deubert, 413 So.2d 253, 256 (La.App. 4th Cir.1982),
The trial judge must be given great discretion in deciding whether to receive or refuse the offered testimony of witnesses and any bias must be in favor of receiving the testimony. In determining whether there was an abuse of that discretion, we considered whether there was a willful or negligent failure to disclose names of witnesses by Coignet, and whether Deubert also failed to comply with the prescribed pre-trial procedure of *1007 the Pre-Trial Order to disclose his witnesses to Coignet. Because of the unusual omissions of both attorneys in this case, we find the Trial Judge did not abuse that discretion when he received that testimony.
In ruling on this matter, the trial judge noted that defendants were prejudiced in their discovery efforts by plaintiffs’ failure to seasonably supplement their answers, and further, the trial judge noted the concerns of judicial economy. We are unable, under the circumstances of this case, to say that the trial judge abused his discretion in this matter.
Therefore, for the foregoing reasons, the judgment of the trial court denying the claims of Alvin and Mary Lodrigue, is hereby affirmed. Costs of this appeal are to be borne by appellants.
AFFIRMED.