559 So.2d 28 (1990)
Linda JONES, et al.
v.
The CITY OF NEW ORLEANS, et al.
No. 89-CA-1113.
Court of Appeals of Louisiana, Fourth Circuit.
March 14, 1990.
*29 Gary W. Bizal, Pierce & Bizal, New Orleans, for plaintiff-appellant Linda Jones, et al.
Clare Jupiter, Jefferson, Bryan, Jupiter, Lewis & Blanson, New Orleans, for defendant-appellee Orleans Parish School Bd.
Before BARRY, KLEES and WILLIAMS, JJ.
KLEES, Judge.
This suit arises from a slip-and-fall accident occurring on the steps in a New Orleans public school. The trial court awarded judgment in favor of defendant, dismissing the suit. We affirm.
Plaintiff's daughter, Shareta Jones, was a student at the New Orleans Center for the Creative Arts, a New Orleans public school. She entered the front doors of the school between 7:30 and 7:45 on September 30, 1985, and proceeded to ascend the flight of stairs leading to the second floor. She had nearly reached the top of the stairs when she lost her footing, falling all the way back down the stairs and sustaining various injuries.
Schools have been held to the same standard of care placed upon the owner of a premises having business invitees. That duty imposed upon a school is one of reasonable care to protect the students or invitees against every hazard which creates an unreasonable risk of harm. Sansonni v. Jefferson Parish School Board, 344 So.2d 42 (La.App. 4th Cir. 1977), cert. den. 346 So.2d 209 (La. 1977). A plaintiff must first show that he has fallen on a foreign substance or object on the floor in order to establish a prima facie case. Gonzales v. Winn Dixie Louisiana, Inc., 326 So.2d 486 (La.1976); Kavlich v. Kramer, 315 So.2d 282 (La.1975).
The trial court in the instant case held that plaintiff did not prove that Shareta Jones slipped on a hazardous substance. The head custodian and another custodian at the school testified that they inspected the stairs both prior to and subsequent to the accident, respectively. The school principal also testified that he inspected the steps shortly after the accident. Each of the three witnesses mentioned above testified that there was nothing foreign on the steps. The evidence was sufficient to find that plaintiff did not establish a prima facie case. We find that the ruling of the trial court was not manifestly erroneous.
Accordingly, for the reasons stated, the judgment of the trial court is affirmed.
AFFIRMED.