ARMSTRONG, Judge.
Plaintiff, Doris N. Ellis, instituted this action for damages incurred as a result of injuries sustained when an elevator in which she was riding at her place of employment, Alton Ochsner Medical Foundation, allegedly came to an abrupt stop below the ground floor level. Named as defendants were Dover Elevator Company (“Dover”) and its insurer, Highlands Insurance Company, Ochsner Foundation Hospital, Inc., two of its staff physicians, and two of its employees. Suit was dismissed as to Ochsner, its physicians, and its employees. Following trial on the merits a judgment was entered in favor of plaintiff and against Dover and Highlands in the amount of $350,000,- and in favor of plaintiff’s employer, Ochsner, as worker’s compensation intervenor, against plaintiff, in the amount of $29,609.68. Defendants, Dover and Highlands, now appeal.
*578 At the time of the accident plaintiff was employed as a patient escort at Ochsner. On the date of the accident, November 7, 1984, she was riding in elevator number six when it failed to stop at the ground floor level, descending some eighteen inches before it came to a stop. Plaintiff alleged that the stop was abrupt and that as a result she fell to the floor, injuring her neck and back. Dover had an exclusive maintenance contract with Ochsner to service all of the elevators at the hospital. In her petition plaintiff essentially alleged that Dover failed to properly service and maintain the elevator.
Defendants raise a number of assignments of error, one of which we find dis-positive. Following the jury verdict and judgment defendants filed a timely motion for a judgment notwithstanding the verdict, and in the alternative, for a new trial, which was denied by the trial court. One of the grounds alleged for the motion was that the trial court’s failure to exclude and/or limit the testimony of one of plaintiffs experts or to continue the trial denied defendants a fair trial. Without going into the law as it pertains to the propriety of the denial of the motion for a JNOV or new trial, we find that the trial court erred in denying defendant’s request for a continuance.
Plaintiff instituted this action on May 9, 1985. Counsel for Dover served interrogatories by mail on counsel for plaintiff on January 18, 1985. Interrogatory number eighteen stated:
“Identify each person who you expect to call as an expert witness at the trial by name, qualification and address, and state the,, subject matter on which the expert is expected to testify, the substance of the facts to which the expert is expected to testify, the substance of the opinions to which the expert is expected to testify and a summary for the grounds for each opinion.”
Plaintiff’s counsel answered defendant’s interrogatories on February 14, 1986, eight months after they were served. In answer to interrogatory number eighteen counsel replied, “I don’t know of any [experts].” On September 23, 1988, plaintiff subpoenaed someone named Wilfred Gallardo. After several continuances, trial was set for March 1, 1989. Thirty-six days prior to trial, on January 18, 1989, plaintiff requested permission from Dover’s counsel for “my Expert” to examine the elevator involved in the accident. On February 1, 1989, twenty-four days before trial, plaintiff issued another subpoena to Gallardo and one to a Robert Reichert.
On February 13, 1989, twelve working days before trial, plaintiff’s counsel notified counsel for Dover, through supplemental answers to Dover’s June 18, 1985 interrogatories, that it would or might call as experts at trial Robert Reichert and Wilfred Gallardo, both to testify on the “Safety of Elevators.” Four other experts were also named at this time, an actuary to establish loss of wages, and three examining and/or treating physicians. Three days later, on February 16, 1989, Dover filed a written motion to exclude the testimony of Reichert and Gallardo. In the alternative, Dover requested a continuance of the trial date. The trial court deferred consideration of the motion until the date of trial, March 1, 1989.
In its memorandum in support of its motion to exclude Dover argued that exclusion lay because plaintiff had failed to supplement its answers to Dover’s interrogatories both as to the subject matter and the substance of the facts to which the “safety experts” were expected to testify, as required by La.C.C.P. arts. 1425(l)(a) and 1428(1). Dover also argued that because it was notified of the identities of the “safety experts” only twelve working days before trial, it would not have the opportunity to conduct discovery as to them. At the hearing on the motion conducted on the day of trial, counsel for Dover informed the court that after learning of the two experts it had attempted to set up depositions. Counsel stated that the only “tentative” date was set at seven o’clock the night before trial. The court was further advised that the deposition or depositions were not held because Reichert was not available.
*579 Plaintiff’s counsel pointed out that they had subpoenaed Gallardo on September 23, 1988 for an earlier trial date which was postponed. He also informed the court that “as early” as January 16, 1989, Dover was notified that plaintiff would have “another witness and that witness had not agreed to take the case yet.” However, there is no evidence in the record to support this assertion. At trial Reichert testified that in fact he had been working on the case for two or three months before trial. Reichert eventually inspected the elevator twice within the two weeks before trial. Although counsel for Dover accompanied Reichert on one inspection, at trial Reichert admitted that he did not inspect the elevator “machine room” on that occasion because defense counsel were present. Finally, counsel for plaintiff argued to the court:
“I remember before you [the trial judge] were on the bench, we used to try the cases. We would come in by the seat of our pants. We are ready for them to take the deposition. I’ll stay up until 12 o’clock....”
The last reference was apparently intended to address defense counsel’s argument that it couldn’t take Reichert’s deposition the night before trial because the expert was unavailable, by countering that it could have been done at midnight.
The trial court found that defense counsel knew or should have known of the adverse witnesses and so could not claim prejudice, and denied the relief prayed for.
La.C.C.P. art. 1425(l)(a) provides in pertinent part:
“A party may through interrogatories or by depositions require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts to which the expert is expected to testify.”
La.C.C.P. art. 1428 states in pertinent part:
“A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement his response to include information thereafter acquired, except as follows:
“(1) A party is under a duty seasonably to supplement his response with respect to any question directly addressed to the identity ... of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony.”
In its argument at the hearing on defense counsel’s motion plaintiff cited the court to a decision rendered by this court, Coignet v. Deubert, 413 So.2d 253 (La.App. 4th Cir.1982). In Coignet, over the objection of defendant, the trial court permitted three of plaintiff’s witnesses to testify even though they had not been identified as witnesses in answers to defendant’s interrogatories. However, plaintiff had subpoenaed these witnesses and provided defendant’s counsel with a carbon copy of his subpoena request. This court stated:
“Although we believe LSA-C.C.P. Art. 1428 clearly required [plaintiff] to supplement his answers to the interrogatories, we conclude that the trial judge did not err when he received the testimony of these witnesses for the following reasons. We believe counsel must be charged with the responsibility of knowing the entire contents of the record, including in this instance opposing counsel’s requests for additional subpoenas to witnesses not previously disclosed. [Defendant] did not move for a continuance after [plaintiff] made this request, and waived any defect caused by omission of witnesses from the answers to the interrogatories. Also, [defendant] did not move for a continuance after he had actual knowledge immediately before trial that those witnesses would testify for [plaintiff]. This is further evidence he waived the defect in [plaintiff’s] answers.”
In its brief on appeal, plaintiff argues that defendants waived any defect in plaintiff’s answers to their interrogatories. because they failed to timely request a continuance when they first learned of “the ex *580 pert witnesses five and one quarter months prior to trial.” Plaintiff is apparently referring to their request for issuance of a subpoena to Gallardo in September 1988. Although defendants argued at the trial court level for a continuance or exclusion respecting both Gallardo and Reichert, on appeal they direct their argument to Reic-hert, for whom a subpoena was not requested until February 1, 1989, one month before trial.
In the instant case defendants sought a continuance and/or exclusion of the witnesses within three days after receiving the supplemental answers to their interrogatories identifying Reichert as an expert, two weeks after plaintiff requested a subpoena for him. The trial court delayed consideration of their motion and request until the day of trial. Under these circumstances it cannot be said that defendants waived the defect in plaintiffs answers to their interrogatories.
This is in contrast to the circumstances present in Coignet, supra, where the defendant did not request a continuance at all. In addition, the three witnesses involved in Coignet were simple fact witnesses subpoenaed by plaintiff to buttress his claim that defendant was the aggressor in an altercation in which plaintiff was injured. In the instant case Reichert was one of two expert witnesses retained by plaintiff for trial and upon whom she planned to base her claim that Dover was negligent in failing to properly service and maintain the elevator. In fact, the evidence reflects that he was plaintiffs primary expert witness. Reichert was a longtime elevator inspector for the City of New Orleans. Gallardo, on the other hand, was simply a so-called “safety consultant” with a bachelor’s degree in occupational safety and health. There was nothing to indicate that he had any technical expertise in the area of the service and maintenance of elevators. Gal-lardo only viewed the elevator once, four days before trial.
Courts have consistently recognized the duty to supplement answers to interrogatories mandated by La.C.C.P. art. 1428(1). In Lilly, Inc. v. Argus Technical System, Inc., 538 So.2d 717 (La.App. 4th Cir.1989), plaintiff failed to identify a witness who was to testify as to the amount of its damages. On appeal this court stated that plaintiff should have identified the witness and the scope of his testimony pursuant to La.C.C.P. art. 1428. However, it found no abuse of discretion in allowing the witness to testify because the presiding Civil District Court Commissioner had allowed the witness to testify on the condition that if defendant felt prejudiced by the testimony, the record would be left open so that it could present rebuttal evidence. Defendant never indicated that it wished to present such rebuttal evidence. In addition, the testimony of this particular witness only established the replacement cost of some defective window units, unlike Reichert’s testimony, directed to establishing liability based upon technical evidence.
In Sckwamb v. Delta Air Lines, Inc., 516 So.2d 452 (La.App. 1st Cir.1987), writs denied, 520 So.2d 750 (La.1988), the appellate court found that plaintiffs’ failure to identify an expert and state the general nature of his testimony was a violation of the mandate of La.C.C.P. art. 1428(1). However, it found no abuse of the trial court’s discretion in allowing the witness to testify because defendant had deposed the witness six days before trial and at that time learned the substance of his testimony, and also because defendant chose not to seek “the less drastic alternative” of a continuance.
Although La.C.C.P. arts. 1425(l)(a) and 1428(1) mandate a continuing duty of a party to supplement answers to interrogatories regarding expert witnesses, there is apparently no specific provision for sanctions for failure to do so, at least absent the aggrieved party having obtained an order compelling discovery under La.C.C.P. art. 1469(2). The granting of a continuance in a case such as the instant one is discretionary with the trial court. See Bennett v. SEDCO Maritime, 520 So.2d 894 (La. App. 3rd Cir.1987).
However, the Code of Civil Procedure gives a party the right to obtain this information. A party is entitled to rely on *581 this affirmative duty of opposing counsel to answer the interrogatories requesting the information and to timely supplement them. In those cases where opposing counsel neglects to follow the mandate of La.C. C.P. arts. 1425 and 1428, it should not so easily devolve upon the aggrieved party seeking a continuance to shoulder the sometimes heavy burden to show that he was clearly prejudiced and/or did not look under every rock to ferret out these experts and the subject matter and substance of their testimony before the continuance is granted.
In the instant case the expert in question, Reichert, admitted at trial that he had been working on the case for at least two or three months before trial. He was retained as a technical expert to establish that defendant, Dover, failed to properly service and maintain the Ochsner elevator. Plaintiff’s counsel supplemented its answers to defendant’s interrogatories insofar as identifying Reichert just two weeks before trial. This may or may not be considered “seasonable” or timely. The answers were never supplemented as to the subject matter or substance of Reichert’s testimony. It is not unreasonable to speculate that plaintiff deliberately withheld fully supplementing its answers to defendant’s interrogatories to gain an unfair advantage.
Plaintiff was afforded the opportunity to take the deposition of the only witness presented by defendants on the functioning, service and maintenance of the elevator, a Dover employee. This deposition was taken in July 1986, almost three years before trial. Defendant made a timely request for a continuance of the trial date so that it could likewise discover the substance and subject matter of Reichert’s expected testimony. Considering these circumstances, we believe the trial court abused its discretion by failing to grant defendants a continuance. As a result, plaintiff was given an unfair advantage over the defendants.
Although we are reluctant to remand this case for a new trial, the other recourse being excising the testimony of Reichert, we feel that fairness and justice to the litigants requires doing so.
For the reasons assigned, we reverse the judgment of the trial court and remand this case for further proceedings consistent with the views expressed herein.
REVERSED AND REMANDED.