971 So.2d 1200 (2007)
Susan Radlein, Wife of/and Robert RADLEIN.
v.
HOLIDAY INNS, INC., Felcor Lodging Company, L.L.C., Felcor Lodging Trust, Inc., Felcor Lodging Limited Partnership, Bristol Lodging Tenant Co., Bristol Hotel Asset Co., Bristol Hotels & Resorts, Fireman's Fund Insurance Co., et al.
No. 2007-CA-0322.
Court of Appeal of Louisiana, Fourth Circuit.
November 14, 2007.
*1201 Jerome M. Volk, Jr., Michael E. Escudier, D'Aquila, Volk, Mullins & Contreras, Kenner, LA, For Plaintiffs/Appellants.
G. Bruce Parkerson, Plauche' Maselli & Parkerson LLC, New Orleans, LA, for Holiday Inns, Inc., Felcor Lodging Co., L.L.C., Felcor Lodging Trust, Inc., Felcor Lodging Limited Partnership, Bristol Lodging Tenant Co., Bristol Hotel Asset Co., Bristol Hotels and Resorts, and Firemen's Fund.
David E. Walle, Bienvenu, Foster, Ryan & O'Bannon, New Orleans, LA, for Central Parking System of Louisiana, Inc. and First Specialty Insurance Corporation.
(Court composed of Judge MICHAEL E. KIRBY, Judge DAVID S. GORBATY, Judge EDWIN A. LOMBARD).
EDWIN A. LOMBARD, Judge.
After a jury trial in this slip and fall case, the trial court found for the Defendants and Plaintiffs appealed. For the reasons more fully set forth below, we affirm the trial court's judgment.
RELEVANT FACTS and PROCEDURAL HISTORY:
On April 26, 1999, Plaintiff, Susan Radlein ("Mrs. Radlein"), was vacationing in the French Quarter with her husband and daughter and was a guest at the Holiday Inn French Quarter Hotel. According to Mrs. Radlein, at around eight o'clock in the evening, as she left her hotel through *1202 an exit-way in the adjacent parking garage, she slipped and fell on the downslope of a concrete exit ramp that she alleges was slick with an oily substance and/or otherwise defective. Immediately after the alleged accident, Mrs. Radlein went out for dinner with her family and did not report the accident to the hotel's guest services manager until the morning after it occurred. Later that day, Mrs. Radlein sought medical treatment at Tulane Medical Center. The Holiday Inn French Quarter paid for this treatment and Mrs. Radlein returned home to California.
Later, Mrs. Radlein and her husband, Robert ("Mr. Radlein"), brought suit against Holiday Inns, Inc., Holiday Inn's garage operator, Central Parking, and their respective insurers, alleging that a defect in the construction or design and/or the negligent maintenance of the area on ramp leading from the garage to Exchange Alley exit way caused her accident and that the defendants were liable for her damages.
Before trial, Plaintiffs attempted to amend their petition to add a breach of contract claim based on a note purportedly written by the hotel's guest services manager, Daniel Morning, the morning after the incident. This note, which directed Plaintiff to go to Tulane Medical Center, contained the words "bill to" Holiday Inn French Quarter. The trial court judge would not allow Plaintiffs to amend their petition to add the contract claim and reserved ruling on the admissibility of the note until the day of trial. On the morning of trial, the court ruled that the note was inadmissible. Plaintiffs filed an emergency writ to this Court, which was denied on the basis that Plaintiffs would have an adequate remedy on appeal.[1] Plaintiffs did not seek supervisory review of the trial court's denial of their motion for leave of court to amend their petition.
The matter was tried before a jury from August 28, 2006 to September 7, 2006. At trial, Mrs. Radlein and her daughter, Barbara, testified that there was an oily, slippery, substance on the surface of the concrete exit ramp that caused Mrs. Radlein to fall. They further testified that the oily substance was caked all over Mrs. Radlein's dress and stockings after the fall and that they had to wipe the oily substance from their hands. Photographs taken by Barbara Radlein on the night of the accident, which depicted the area where Mrs. Radlein fell, were also introduced into evidence.
Mr. Radlein, an architect, testified as both a fact and an expert witness at trial. He testified that in his opinion, the brushed concrete surface of the ramp was inherently unsafe and a poor surface for a walkway. Plaintiff's also called Dennis Howard, a "safety expert," as an expert witness. Mr. Howard rendered his opinion as to the inherently dangerous slope and surface of the ramp, but was restricted from testifying as to his opinions regarding the maintenance of the ramp or the existence of an oily substance on the ramp, since those opinions were held to be outside the scope of his previously disclosed opinions.
Defendant's expert, Sonny Launey, a registered Professional Civil Engineer, testified that there was nothing inherently dangerous about the surface of the ramp and that it complied with all applicable codes and standards. Mr. Launey also analyzed the photographs taken by Barbara Radlein on the night of the accident. He testified that the photographs do not depict any grease or oil in the area in which Mrs. Radlein fell.
*1203 At the conclusion of the evidence, the jury found that Plaintiffs did not prove by a preponderance of evidence that Mrs. Radlein slipped and fell due to an unreasonably unsafe condition. In accordance with the jury's finding, the trial court rendered a judgment dismissing Plaintiffs' claims. Plaintiffs filed a post-trial motion to overturn the jury's decision, which the trial court denied. This appeal followed.
ASSIGNMENTS OF ERROR
Although the pages entitled "Assignments of Error" and "Issues Presented for Review" were left completely blank in Plaintiffs' brief, we were able to glean an understanding of how and where Plaintiffs feel the trial court erred.[2] Plaintiffs essentially argue that the trial court erred in failing to provide proper jury instructions to the jury, failing to allow the note from the hotel manager into evidence, and failing to allow Plaintiffs' expert, Dennis Howard, to testify as to maintenance issues.
LAW AND ANALYSIS
Plaintiffs argue that the jury's verdict was flawed and should be thrown out because the charges given by the trial court were manifestly erroneous and do not properly reflect the state of the law. Specifically, Plaintiffs argue that jury instruction as to the standard of care owed by the hotel was an incorrect statement of the law. They argue that a hotel owes a high duty of care to its guests, rather than merely the duty of reasonable care that as is owed by merchant to its invitee. Plaintiffs also argue that the trial court committed manifest error in instructing the jury on the law regarding an unreasonably dangerous or unsafe condition. Finally, Plaintiffs also argue that the jury's verdict was fatally flawed because the jury answered only the first jury interrogatory and none of the following interrogatories.
The trial judge has wide discretion in determining which instructions to provide to a jury and his decision will not be overturned absent an abuse of that discretion. Grefer v. Alpha Technical, 02-1237 (La.App. 4 Cir. 3/31/05), 901 So.2d 1117. We find no error in the charges given to the jury by the trial court. The jury charge regarding the standard of care owed by Holiday Inn to Mrs. Radlein was a correct statement of the law. Reasonable and ordinary care is the proper standard by which to judge the duty of a hotel to prevent a slip and fall in the public area of a building. See Jones v. Hyatt Corp. of Delaware, 94-2194 (La.App. 4 Cir. 7/26/95), 681 So.2d 381. Therefore, this assignment of error has no merit.
Plaintiffs argue that the trial court committed manifest error in providing the jury charge regarding the law on unreasonably dangerous or unsafe condition. The trial court's jury charge was as follows: "In the context of slip and fall cases, proof of hazardous conditions requires plaintiff to prove the existence of a foreign substance on the floor or an otherwise unreasonably dangerous or unsafe condition." We find the jury charge to be a proper statement of the law. "A Plaintiff must first show that he has fallen on a foreign substance or object on the floor in order to establish a prima facie case." Jones v. City of New Orleans, et al., 559 So.2d 28 (La.App. 4 Cir.1990); See also, Hess v. Schwegmann Giant Super Markets, Inc., 595 So.2d 754 (La.App. 4 Cir. 1992) (Plaintiff bears the burden of proving that a foreign substance or hazard caused her to fall and sustain an injury; *1204 once such facts are established, the burden shifts to the defendant to exculpate himself from the presumption that he was negligent.) Accordingly, we cannot say that the trial court abused its discretion in giving this particular charge to the jury.
Plaintiffs argue that the jury verdict form was flawed and that the jury committed manifest error in answering only interrogatory number one and neglecting to answer the additional interrogatories regarding damages and apportionment of fault. Jury Interrogatory No. 1 read:
1. Do you find by a preponderance of the evidence that Mrs. Radlein slipped and fell due to an unreasonably dangerous condition? If your answer to No. 1 is "No," then sign this form and return to the courtroom without answering any further questions. If your answer to No. 1 is "Yes," please proceed to No. 2
Plaintiff's argument is meritless. In the instant case, the threshold question was whether Plaintiffs proved the accident was caused by either an inherently dangerous defect in the concrete surface itself or an oily substance on the surface of the concrete. Since eleven out of the twelve jury members determined that Mrs. Radlein did not prove that she slipped and fell due to an unreasonably dangerous condition, there was no need for those jury members to answer the irrelevant interrogatories regarding damages and apportionment of fault. Moreover, in order to sustain a reversal on appeal, appellants must show that they preserved the issue on appeal by an objection. La.Code Civ. Proc. art. 1793(C). Here, as Appellees point out, Plaintiffs' counsel failed to object to the wording of the jury interrogatories during the jury charge conference. Therefore, this issue was not properly before this Court.
Plaintiffs also argue that the trial court erred in not allowing the note from the manager of guest services into evidence at trial. Plaintiffs argue that the note should have been allowed into evidence to impeach the guest services manager's credibility, since he testified at deposition that he did not recall writing a note. Appellees, on the other hand, argue that the trial court properly excluded references to the note because this case was based purely on tort and there was no claim for breach of contract.
We cannot overturn a trial court's rulings on the admissibility of evidence unless those rulings were clearly wrong or we find that the trial court abused the vast discretion it is accorded. King v. Phelps Dunbar, L.L.P., 01-1735 (La.App. 4 Cir. 4/2/03), 844 So.2d 1012. This broad discretion includes the right to refuse or limit discovery of matters that are not relevant to the issues. Id. Historically, an offer to pay medical expenses is generally not admissible because it could be misconstrued as an admission of liability. See, e.g., Francis v. Brown, 95-1241 (La.App. 3 Cir.3/20/96), 671 So.2d 1041, 1047. Further, Louisiana Code of Evidence Article 409 provides,
[E]vidence of furnishing or offering or promising to pay expenses or losses occasioned by an injury to person or damage to property is not admissible to prove liability for the injury or damage nor is it admissible to mitigate, reduce, or avoid liability therefore. This article does not require the exclusion of such evidence when it is offered solely for another purpose, such as to enforce a contract for payment.

We cannot say the trial court was clearly wrong in excluding the note from evidence. In this case, which is a suit for damages in tort, and not in contract, the *1205 trial court was within its discretion in refusing to allow the note into evidence, as doing so would have prejudiced the jury. Moreover, the note was irrelevant since it could only be used to prove the existence of an agreement to pay damages and there was no contractual claim for payment of medical expenses in this case. Therefore, the trial courts ruling on this issue was not clearly wrong and cannot be overturned.
Finally, Plaintiffs argue that the trial court erred in refusing to allow Dennis Howard to offer a direct opinion as to maintenance issues. A trial judge has wide discretion in determining whether to allow a witness to testify as an expert and his judgment will not be disturbed by an appellate court unless it is clearly erroneous. Avenal v. State Dept. of Natural Resources, 01-0843 (La.App. 4 Cir. 10/15/03), 858 So.2d 697. A trial judge also has great discretion in limiting evidence introduced at trial which was not disclosed prior to trial. Coignet v. Deubert, 413 So.2d 253, 256 (La.App. 4 Cir.1982).
Mr. Howard was deposed prior to trial. His opinions at the time of his deposition were limited to the slope and surface of the ramp and the warnings present in the area. When deposed, Mr. Howard did not offer any opinions as to the maintenance of the ramp or any criticisms of the maintenance procedures of the hotel or parking garage operator. After the deposition, Mr. Howard agreed to supply any additional opinions in writing. He did not supply any updated opinions critical of the maintenance procedures employed by the hotel or the parking garage operator. Based on these facts, the trial court properly limited Mr. Howard's testimony at trial and the court did not abuse its discretion by limiting Dennis Howard's testimony to the topics and scope he had testified about at deposition.
After reviewing the evidence considered by the jury, we find that the jury verdict was correct and is supported by the evidence. The jury viewed the photographs of the scene of the accident and the condition of the concrete surface. The jury heard the testimony of Mrs. Radlein and her daughter about the oily substance on the surface of the ramp, and of Mr. Radlein and Dennis Howard regarding the supposed inherently dangerous condition of the surface upon which Mrs. Radlein was walking when she fell and was injured. The jury also heard the testimony of the defendants' expert who testified that there was nothing inherently dangerous about the slope or surface of the ramp in question. In the end, the jury concluded that Mrs. Radlein's fall was not caused by an unreasonably dangerous condition. Apparently, the jury found Defendants' expert more credible and compelling than the Plaintiffs and their expert witness. When findings are based on determinations regarding the credibility of witnesses, the manifest error/clearly wrong standard demands great deference to the trier of fact's findings. Ferrell, 650 So.2d at 746; Rosell, 549 So.2d at 844.
The evidence in this case was sufficient to support the jury's finding and the trial court's judgment should not be overturned. Moreover, the trial court did not abuse its great discretion in failing to allow the note into evidence, by limiting Dennis Howard's testimony, or in providing the jury instructions. For the foregoing reasons, we affirm the judgment of the trial court and assess costs of this appeal to plaintiffs.
AFFIRMED.
NOTES
[1] 2006-C-1168.
[2] On the morning of the hearing before this Court, Plaintiffs filed a Motion to Allow the Supplementing and Amending of the Original Brief on Behalf of Appellants, which was denied.