MAX N. TOBIAS, JR., Judge.
 

 hThe plaintiff/appellant, Nora Passaro, appeals from a summary judgment granted in favor of the defendants/appellees, Wal-Mart Stores, Inc. and Sam’s East, Inc. (hereinafter collectively referred to as “Sam’s”). After reviewing the record and applicable law, we find genuine issues of material fact exist and, therefore, reverse the judgment of the trial court and remand the matter for further proceedings.
 
 Statement of Facts.
 

 This case arises out of an accident that occurred at the Sam’s retail store located in New Orleans East at 6921 Bundy Road. According to Ms. Passaro, she went to Sam’s to purchase a “blow-up” backyard swimming pool. Once she located the pool display in the store, she returned to the front of the store to retrieve a flat-bed cart. She found only two carts and chose the better of the two.
 

 As she was going back to the pool display, Ms. Passaro had difficulty with the cart: it bounced and jiggled as she attempted to push it. A store employee ^observed her difficulty and stated that although the cart was meant to be pushed, Sam’s tells everyone to pull them.
 

 The employee accompanied her to the pool display and placed the items on the cart; Ms. Passaro needed assistance as the package weighed 150 pounds. After loading the package onto the cart, the employee left the area. In light of the instructions from the employee, Ms. Passaro tried to pull the cart. As she pulled on the cart handle, the bed of the cart elevated and then came down, causing injury to the rear of her right leg. Consequently, it is alleged that Ms. Passaro suffered severe and debilitating injuries to her Achilles tendon and gastrocnemius
 
 [1]
 
 muscles, for which she has undergone surgery and will require further medical treatment.
 

 After conducting some discovery, Sam’s filed a motion for summary judgment, contending that the cart did not present an unreasonable risk of harm and that it was
 
 *160
 
 not defective. The trial court granted the motion, presumably finding that Ms. Pas-saro could not prove that Sam’s owed her a duty to prevent her from pulling a cart into her leg or that the cart was unreasonably dangerous.
 
 [2]
 
 We presume that the trial court found that Ms. Passaro was unable to prove that any error or omission by Sam’s was the cause-in-fact of her injuries. This timely appeal followed.
 

 Legal Standards.
 

 A motion for summary judgment is a procedural device used when no genuine issue of material fact for all or part of the relief prayed for by a litigant | .¡exists. La. C.C.P. art. 966;
 
 Duncan v. U.S.A.A. Ins. Co.,
 
 06-363 p. 3 (La.11/29/06), 950 So.2d 544, 546. A summary judgment is reviewed on appeal
 
 de novo,
 
 with the appellate court using the same criteria that govern the trial court’s determination of whether summary judgment is appropriate, i.e., whether any genuine issue of material fact exists and whether the movant is entitled to judgment as a matter of law.
 
 Wright v. Louisiana Power & Light,
 
 06-1181 p. 17 (La.3/9/07), 951 So.2d 1058, 1070.
 

 Liability based on negligence is determined under a duty-risk analysis, which is applied on a case-by-case basis.
 
 Faulkner v. The McCarty Corp.,
 
 02-1337, p. 4 (La.App. 4 Cir. 6/11/03), 853 So.2d 24, 28. In that case, we stated:
 

 Under the duty-risk analysis, the plaintiff must satisfy the following to prove negligence; the plaintiff must prove that: 1) the conduct in question was the cause-in-fact of the resulting harm, 2) the defendant owed a duty of care to the plaintiff, 3) the defendant breached that requisite duty and 4) the risk of harm was within the scope of protection afforded by the duty breached. If the plaintiff fails to satisfy one of the elements of duty/risk, the defendant is not liable. Duty is a question of law: simply put, the inquiry is whether the plaintiff has any law — statutory or jurisprudence — to support his claim. Absent a duty to the plaintiff, there can be no actionable negligence and hence no liability.
 

 Id.
 
 at pp. 4-5, 853 So.2d at 28. [Citations omitted.]
 

 We briefly summarize the deposition testimony in the record filed in support of, and in opposition to, the motion for summary judgment.
 

 Ms. Passaro’s Deposition Testimony.
 

 Ms. Passaro testified that, after she was injured, a store employee eventually came to her aid and gave her paper towels to place on her leg. Thomas Snow, Jr., |4the store manager, arrived on the scene “after a while.” He asked her if she could walk out of the store; Ms. Passaro said she could not hold her leg and walk at the same time. Finally, Mr. Snow told someone to get her a wheel chair. He then told Ms. Passaro that “this has happened may times but this is the worst I’ve ever seen it.” Ms. Passaro understood “this” to mean an accident identical to hers. Ms. Passaro also testified that Mr. Snow said Sam’s would pay for all her medical bills and that all the medical bill should come to him. Ms. Passaro’s mother took her to the hospital where she was initially treated.
 

 Mr. Snow’s Deposition Testimony.
 

 Mr. Snow testified in his deposition that store employees are not officially trained in the use of carts or assisting customers if they are experiencing difficulty with a store cart. He did, however, state that it’s easier to steer the carts if you pull them;
 
 *161
 
 it takes experience to push one of the carts with ease.
 

 On the day of the accident, Mr. Snow was notified that a member of Sam’s had an accident in the main aisle of the club. When he arrived, Ms. Passaro was sitting and had some type of bandage applied to the back of her leg. He then proceeded to get some information from her, such as her name, address, et cetera, as well as her statement about the accident. He took notes on some pieces of paper and entered the information into the computer. Once recorded, his practice is to throw the paper away.
 

 Mr. Snow neither told Ms. Passaro that this type of accident has happened before nor he did not hear anyone make that statement. Mr. Snow also denied telling Ms. Passaro that Sam’s would pay her medical bills; he is not legally authorized to assume that responsibility on behalf of Sam’s. He also denied having approved any medical treatment for Ms. Passaro.
 

 Beelar’s Deposition Testimony.
 

 Dale F. Beelar, director of patient financial services for Northshore Regional Medical Center, was deposed. As part of his job, he oversees individuals who are responsible for billing patients for services provided by the hospital. As custodian of the records, he produced Ms. Passaro’s records for his deposition. The records reflect that on 12 June 2004, Ms. Passaro was seen in the emergency room for a laceration on the back of her right leg. It was also noted in the records that the admitting representative, Jennifer Jefferson, spoke to Sam’s manager Tom, who gave the okay to bill the emergency room charges to Sam’s at 6921 Bundy Road.
 
 Analysis of Law and Facts.
 

 La. C.E. art 409 provides:
 

 In a civil case, evidence of furnishing or offering or promising to pay expenses or losses occasioned by an injury to person or damage to property is not admissible to prove liability for the injury or damage nor is it admissible to mitigate, reduce, or avoid liability therefor. This Article does not require the exclusion of such evidence when it is offered solely for another purpose, such as to enforce a contract for payment.
 

 Sam’s argues that Sam’s offer to pay is inadmissible. In certain circumstances as reflected by article 409, that is true. However, in
 
 Turcich v. Baker,
 
 594 So.2d 505, 508 (La.App. 5 Cir.1992), the court stated:
 

 We agree with appellees that the testimony of insurance payment was introduced for the purpose of impeachment. We find no abuse of the trial judge’s discretion in allowing further questioning in that regard by defense counsel.
 

 In the instant case, Ms. Passaro claims that Mr. Snow stated that her medical bills should be sent to Sam’s. Mr. Snow testified that he did not make such a statement. However, the medical records indicate otherwise. While we agree that | fithis evidence cannot be admitted to prove liability, we find that the evidence calls into question Mr. Snow’s veracity.
 
 [3]
 
 We also
 
 *162
 
 note that Ms. Passaro states that Mr. Snow told her that this type of accident had occurred in the past, something else that Mr. Snow denies. We find that these statements require a credibility determination by the finder of fact and create genuine issues of material fact precluding summary judgment. Consequently, we hold that summary judgment was erroneously granted by the trial court.
 

 Based on the foregoing, we reverse the judgment of the trial court and remand the matter for further proceedings.
 

 REVERSED; REMANDED.
 

 [1]
 

 . Calf.
 

 [2]
 

 . The trial court did not issue written reasons for judgment.
 

 [3]
 

 . Sam's relies on our decision in
 
 Radlein v. Holiday Inns, Inc.,
 
 07-0322 (La.App. 4 Cir. 11/14/07), 971 So.2d 1200, to support its argument that Ms. Passaro cannot rely on this evidence to prove liability and that it is inadmissible in a tort case absent a contractual claim of a promise to pay medical expenses. In
 
 Radlein,
 
 the plaintiff tried to introduce into evidence at a jury trial a note by the defendant's hotel manager containing instructions for the hospital to bill the hotel after the plaintiff fell at the hotel. Because the manager denied that the note contained such instructions, the plaintiff wanted to introduce the note to impeach the manager's credibility. The trial court found the note inadmissible. Following judgment against her, she appealed to this court, arguing that the trial court
 
 *162
 
 erred. We found that the trial court did not abuse its discretion in disallowing the admission of the note, recognizing that the note could only be used to prove the existence of an agreement to pay damages and no contractual claim for payment of medical expenses in the case existed.
 
 Id.
 
 at p. 7, 971 So.2d at 1204-05.
 

 We find
 
 Radlein
 
 distinguishable from the instant matter. First, rulings on admissibility of trial evidence are reviewed under the clearly wrong/abuse of discretion standard.
 
 Id.
 
 at p. 6, 971 So.2d at 1204. Summary judgments are reviewed
 
 de novo.
 
 In addition, the plaintiff in the case at bar is not required to prove her case at this stage, only demonstrate that genuine issues of material fact exist. We find that she has done so.